BISSO FERRY CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11269.   Promulgated October 31, 1927.

*A. A. Moreno, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

MARQUETTE: This proceeding is brought by the petitioner, the Bisso Ferry Co., Inc., for the redetermination of deficiencies in income taxes in the total amount of $2,611.06, asserted by the respondent against the Bisso Ferry Co. for the years 1917 to 1920, inclusive.

The evidence, all of which need not be set forth here, discloses that the petitioner was incorporated on August 12, 1921, under the laws of the State of Louisiana, at which time it acquired certain ferry boats and ferry franchises then being operated by the Bisso Ferry Co. The petitioner alleges in its petition, and contended at the hearing, that the Bisso Ferry Co. was a branch of the Bisso Tow Boat Co., a corporation; that the Tow Boat Co. was in fact the owner of the ferries and franchises operated by the Bisso Ferry Co., and that the income and capital of the Bisso Ferry Co. for the years 1917 to 1920, inclusive, should be included in the income and capital of the Tow Boat Co. The respondent admits that the petitioner was not incorporated until August 12, 1921; and that the Bisso Ferry Co. was not a corporation either *de jure* or *de facto*, but

contends that it was an association taxable as a corporation under the Revenue Acts of 1917 and 1918.

There is nothing in the record herein to show that the respondent claims that the tax in question is an obligation of, or that he will attempt to collect it from the petitioner. The tax is asserted against the Bisso Ferry Co., which the respondent admits was a separate entity from the petitioner and not a corporation either *de jure* or *de facto*, and so far as the record shows there has been no attempt by the respondent to assert the tax against the petitioner as a transferee of the Bisso Ferry Co. Neither the Bisso Ferry Co. nor any of the individuals interested therein have appealed from the deficiency letter. In the absence of an appeal by the party or parties against whom the deficiency is asserted, we can not, at the request of the petitioner, determine their liability for the taxes involved herein, merely because the petitioner is apprehensive that the respondent may hereafter attempt to collect the tax from it in some other tribunal. We are of opinion that there is no valid appeal pending before us herein and this proceeding is therefore dismissed.

*Order of dismissal will be entered accordingly.*

Considered by PHILLIPS, MILLIKEN, and VAN FOSSAN.