BOND, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32613.   Promulgated June 4, 1928.

*L. T. Atherton, Esq.,* for the petitioner.
*P. L. Peyton, Esq.,* for the respondent.

PHILLIPS: On October 4, 1927, the respondent mailed to Bond, Schoell & Co. a notice that he had determined a deficiency of $10,724.59 in income tax for the period from January 1 to March 31, 1926. On December 1, 1927, Bond, Incorporated, filed a petition with the Board for a redetermination of such deficiency. The pertinent portions of the petition read:

BOND, INCORPORATED, *Petitioner*,
        *v.*
COMMISSIONER OF INTERNAL REVENUE, *Respondent*.

PETITION.

The above-named petitioner hereby petitions for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his notice of

deficiency, IT : FAR : A-9-FRS : 60D, dated October 4, 1927, addressed to Bond, Schoell and Company, the predecessor corporation, and as a basis of his proceeding alleges as follows:

1. The petitioner is a corporation with its principal office located at 1430 First Wisconsin National Bank Building, Milwaukee, Wisconsin. It is the successor to Bond, Schoell and Company (now dissolved), whose assets and liabilities were taken over as of April 1, 1926.

\* \* \* \* \* \* \*

5. (d) Petitioner avers that in a reorganization of both Bond, Schoell and Company and G. F. Bond and Company which was effective as of March 31st, 1926, all assets, liabilities and outstanding contracts of these corporations together with the unrealized profits on these contracts were transferred at book values to a new corporation named Bond, Incorporated.

\* \* \* \* \* \* \*

6. The petitioner, as the successor of Bond, Schoell and Company, prays for relief from the deficiency asserted by the respondent.

On January 30, 1928, respondent filed a motion that the proceeding be dismissed for want of jurisdiction in the Board on the ground that no deficiency had been determined in respect of Bond, Incorporated, the petitioner herein, and that the proceeding was not brought by the taxpayer in respect to whom the deficiency was determined, nor its authorized representative. The motion to dismiss was set down for hearing. Before the hearing date petitioner's counsel filed a motion to permit the substitution " of the name of Bond, Schoell & Co. and/or the names of G. F. Bond, W. F. Schoell, Leo W. Slensby and F. A. Lockner, legal administrators of Bond, Schoell & Co." in place of Bond, Incorporated, as petitioners, these persons being the directors of the company at the time of its dissolution. Counsel also shows that as a part of the transaction by which Bond, Incorporated, acquired the business of Bond, Schoell & Co., such purchaser undertook " to pay, satisfy, discharge, perform and fulfill all the debts, liabilities, contracts, mortgages, engagements, and obligations of the vendor whatsoever, including taxes accrued or to accrue." It appears that in payment for the assets, the purchaser delivered its notes, aggregating $82,500, secured by mortgages.

The motion to permit the substitution of parties is treated as in the nature of an answer to the motion to dismiss.

It is contended by petitioner that it was acting in a fiduciary capacity and that under section 281 of the Revenue Act of 1926 it was liable for the tax without further notice to it. With this we can not agree. Apparently the petitioner purchased the assets for value and its liability to pay the tax does not arise under the " trust-fund " doctrine. But if we should assume that liability did exist under that doctrine, we would still be of the opinion that petitioner does not fall within the provisions of section 281 which relates to fiduci-

aries. The Act itself, in section 200(b), defines a fiduciary in such manner as to make it clear that it refers to one acting in a representative capacity; a true fiduciary and not merely the holder of property which may, under certain circumstances, be impressed with a trust. Moreover, section 280 of the Act specifically refers to the liability of transferees, making specific provision for notice to them. We are of the opinion that the petitioner was not a fiduciary for the dissolved corporation and that the notice sent to the dissolved corporation was not sufficient to charge petitioner with liability for the tax under section 281. Further steps were necessary before the tax could be collected from the petitioner.

The Act provides that the petition shall be filed with the Board by the taxpayer. The only exception to which our attention has been called is in the case of a fiduciary and, possibly, a transferee against whom the Commissioner seeks to collect a tax under section 280 of the Act. Petitioner falls within neither of these exceptions.

Petitioner claims that it is the real party in interest and, as such entitled to institute the proceeding. We have not overlooked the fact that petitioner may ultimately have to pay the amount of any deficiency due from Bond, Schoell & Co. The Commissioner, however, has asserted no liability against petitioner and seeks only to charge the taxpayer. Under the State law, the taxpayer is represented by its directors, as its legal administrators. Although the petitioner may be liable for this tax, there can be no question of the right of the Government to assert it against the taxpayer and make collection from any assets which the taxpayer may have. The assumption of the liability by the petitioner can not deprive the Government of the right to proceed against the taxpayer if it sees fit to do so. This is what has been done. The petitioner has no power to do any act which would bind the taxpayer or its legal administrators and we see no basis on which it can be said that the petition filed by the petitioner was the act of the taxpayer or its legal representatives. Certainly the legal representatives of the taxpayer would not be bound by any decision which the Board might make nor would they be prohibited from seeking a refund in the courts on the ground that they had filed a petition with the Board (section 284(d), Revenue Act of 1926). It may be that the petitioner might have joined in the proceeding as an interested party, but the taxpayer, or its legal administrators, were the only parties against whom any deficiency was asserted and the only parties who could initiate the proceeding. The petition filed gave the Board no jurisdiction to redetermine the deficiency asserted against the taxpayer. No decision which the Board might render would be binding on the taxpayer or its trustees in dissolution. It follows

that we may not now, after the statutory time to file a petition has expired, acquire jurisdiction by a substitution of parties. Congress has laid down a comprehensive system of procedure and any other conclusion than that which we have reached would not only do violence to that system but would lead to endless confusion in determining where a petition had been filed with the Board by a taxpayer, whether a second assessment might be made, whether a suit for refund might be maintained, and during what time the period of limitation has been tolled. See sections 274(f), 284(d), 277(b), 274(a). An order will be entered granting respondent's motion and denying the motion of the petitioner. See *Bisso Ferry Co.*, 8 B. T. A. 1104.

Reviewed by the Board.