WEIS & LESH MANUFACTURING CO., MOTOR WHEEL CORPORATION, SUCCESSOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7653, 9697.  Promulgated July 31, 1928.

*Frank C. Olive, Esq.* and *George S. Olive, C. P. A.*, for the petitioner.
*Thomas P. Dudley, Esq.*, for the respondent.

LOVE: Upon motion duly made and granted the proceedings were consolidated for purposes of hearing and decision. These are proceedings brought by the Motor Wheel Corporation, hereinafter referred to as petitioner, for a redetermination of deficiencies in income and profits taxes amounting as follows: for the fiscal year 1918, $3,164.01; for the fiscal year 1919, $11,175.40; for the fiscal year 1920, $43,488.57, asserted by respondent against Weis & Lesh Manufacturing Co., hereinafter referred to as the taxpayer. The pertinent portions of the petitions are identical and read as follows:

Weis & Lesh Manufacturing Company, against whom the taxes in controversy were assessed, was an Indiana corporation with its principal offices in the city of Muncie, Indiana. Under date of February 29, 1920, Motor Wheel Corporation, a corporation of Lansing, Michigan, acquired all of the assets and assumed all of the liabilities, including Federal income and profits taxes of said Weis & Lesh Manufacturing Company. The said Motor Wheel Corporation is now, and ever since February 29, 1920, has been liable for the payment of the additional taxes in question, if any.

Respondent admits the allegations made in the foregoing paragraph except that he denies that only the petitioner is liable for the payment of the deficiencies.

The evidence shows that the taxpayer disposed of its assets in the fiscal year 1920. There were two transfers. In the first certain of the assets comprising the skewer and column departments were transferred in September, 1919, to Walter G. Morgan for a consideration of cash amounting to $27,875, and in addition the surrender of 850 shares of the common stock of the taxpayer. Morgan also acquired certain accounts receivable from the taxpayer for a cash consideration amounting to $19,360.92. A loss is claimed attributable to the transfers to Morgan. The 850 shares of its own common stock thus acquired by the taxpayer were immediately sold to Pruden Wheel Co., a Michigan corporation, for cash at a price of $112.50 per share, the par value being $50 per share. The Pruden Wheel Co. had previously acquired 1,939 shares of the common stock of the taxpayer by purchase from various parties and held a majority of the common stock. In the second transfer, all that we know of the disposition of the remainder of the assets of the taxpayer is that they were turned over to the petitioner in February, 1920. There is no evidence of the details of the liquidation of the taxpayer and no reason is given for the failure of the taxpayer or the legal administrators of the taxpayer to initiate an appeal.

In our view there are no features which materially distinguish these proceedings from at least two others wherein we held that no valid appeals were pending before us, consequently they should be dismissed. See *Bisso Ferry Co.*, 8 B. T. A. 1104, and *Bond, Incorporated*, 12 B. T. A. 339. It is unnecessary to repeat the reasons fully detailed in *Bond, Incorporated, supra*.

Specific provisions for the assessment and collection (including the right of appeal to this Board) of the liability at law or in equity of a transferee of property of a taxpayer in respect to the income and profits taxes imposed upon the taxpayer, are contained in section 280 of the Revenue Act of 1926 and section 602 of the Revenue Act of 1928. A dismissal of this petition will not deprive petitioner or any other transferee of his remedies.

We are of the opinion that there is no valid appeal before us.

*Order of dismissal will be entered accordingly.*