CENTRAL UNION TRUST CO. OF NEW YORK AND MONTGOMERY WADDELL, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF CAROLINE W. FRAME, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45230. Promulgated November 20, 1929.

*Everett J. Esselstyn, Esq.*, and *J. Ard Haughwout, Esq.*, for the petitioner.

*Frank Horner, Esq.*, for the respondent.

*E. F. Colladay, Esq.*, and *B. B. Pettus, Esq.*, for *Emlen P. Frame*, seeking to intervene.

OPINION.

PHILLIPS: This matter comes before us on motion of Emlen P. Frame for permission to file an intervening petition.

The Commissioner determined that there was a deficiency in estate tax of $27,364.57 due from the estate of Caroline W. Frame. The executors of that estate duly filed a petition with the Board alleging in part as follows:

(4) The determination of the Federal Estate Tax set forth in said notice of deficiency is based upon the following errors:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) Under the heading " Other Miscellaneous Property," the claim against Emlen P. Frame is erroneously determined to have been of the value of $112,311.73.

\* \* \* \* \* \* \*

(5) The facts upon which the petitioner relies as the basis of this proceeding are as follows:

\* \* \* \* \* \* \*

(b) Under the heading " Other miscellaneous property," the claim against Emlen P. Frame is determined to have been of the value of $112,311.73. By virtue of an agreement entered into between said Emlen P. Frame and other parties in interest, dated August 25, 1925, it was provided in paragraph " Tenth " [the party of the third part being Emlen P. Frame] :

" Said party of the third part hereby covenants and agrees that if any Federal Estate tax or any inheritance or transfer tax is assessed against the estate of said Charles P. Frame, deceased, or against the estate of said Caroline W. Frame, deceased, by reason of said assignment, dated February 4, 1896, by said party of the third part to said Charles P. Frame, of the remainder interest of the party of the third part in said two trust funds created under the last will and testament of Samuel Willets, for the benefit of Caroline W. Frame, the said party of the third part will pay the same forthwith upon being notified of the amount of such tax or taxes."

By reason of said provision the real party in interest with regard to any tax to be assessed herein against the said claim is the said Emlen P. Frame. The said Emlen P. Frame makes the claim that there is not and was not among the assets of the estate of Caroline W. Frame any claim or right against the said Emlen P. Frame of any kind, and that there was no such claim or right which passed upon the death of Mrs. Frame to her estate, and the said Emlen P. Frame asserts the following particular grounds for his said claim:

1. No indebtedness of Emlen P. Frame to his father existed at the time of the death of Caroline W. Frame.

2. No such indebtedness existed at the time of the death of Charles P. Frame, and therefore no claim or right against Emlen P. Frame could pass upon the death of Charles P. Frame to Caroline W. Frame.

3. The so-called assignment was not intended by Charles P. Frame to have any validity or ever to be enforced against Emlen P. Frame.

4. Charles P. Frame forgave Emlen P. Frame any obligations or debts which Emlen P. Frame might have incurred to Charles P. Frame.

5. Caroline W. Frame never made any claim or demand upon or by reason of the said alleged assignment or of any debts purported to be secured thereby, and in fact, affirmatively disclaimed any right to assert any claim against Emlen P. Frame.

6. The obligation of Emlen P. Frame under the said so-called assignment or any indebtedness purported to be secured thereby, if any such obligation ever existed, was at the time of the death of Caroline W. Frame barred by the Statute of Limitations;

7. The so-called assignment gave rise to no claim against Emlen P. Frame.

The petitioners do now assert such claim on behalf of said Emlen P. Frame and respectfully ask that they be given full and fair opportunity to present such evidence in support of the foregoing contentions as said Emlen P. Frame may make available, and to that end your petitioners respectfully request that counsel duly entitled to practice before your honorable body, selected by said Emlen P. Frame, be heard upon this matter.

In the litigation referred to in the Official Examiner's report, now pending in the Surrogates' Court of New York County, the Surrogates' Court has upheld the said agreement entered into by said Emlen P. Frame, dated August 25, 1925. Your petitioners have no knowledge or information sufficient to form a belief as to whether or not an appeal will be taken from the decree entered in said court, but in the event that such an appeal is taken and said decree is reversed and the said agreement set aside either in whole or in part, it may become the duty of the Executors of the estate to assert that the said assignment dated February 4, 1896, is a valid and enforceable assignment, constituting a part of the assets of the estate; but the said executors do not make this contention in this proceeding.

In his motion for leave to intervene, Emlen P. Frame states as reasons therefor.

That the Executors of the Estate of Caroline W. Frame, deceased, while they have named as one of the points in their petition, a protest against the inclusion in the gross estate of the decedent as the basis of the estate tax, a claim against the petitioner herewith, Emlen P. Frame, in the amount of $112,311.73, are in fact, taking an incompatible position in respect of such claim in the probate proceeding pending in the Surrogate's Court of New York County, wherein said Executors have alleged and insisted that the Estate of Caroline W. Frame had and have a claim against Emlen P. Frame, petitioner herein.

That by reason of petitioner's interest in the Estate and because of a collateral agreement made by him to pay taxes growing out of the assessment of estate taxes on the supposed claim of the Estate against petitioner, this petitioner is under the necessity of showing that the aforesaid claim against him is absolutely null and void and without value.

Petitioner further shows that the Executors, in their petition, have asked the Board to afford this petitioner, Emlen P. Frame, a full and fair opportunity to present such evidence in support of his contention that there exists no claim against him, which the Estate is entitled to include as an asset for the purpose of taxation.

The intervening petition which Emlen P. Frame asked leave to file, which is attached as part of his motion papers, alleges that he is an interested party because of said agreement to pay estate tax and because of an interest in the residuary estate of the decedent.

Notice of the determination of a deficiency was mailed by the Commissioner under date of May 21, 1929.

It is clear that the issue to be determined is one which rises between the Commissioner and the executors of the estate and may be fully settled without the presence of the intervenor. Any interests which he may have are entirely subordinated to the rights between the present parties to this proceeding and may be protected properly by him in other proceedings in another forum. There can be no question that he is not a necessary party to this proceeding and that he may not intervene as a matter of right. It may be doubtful whether this Board would have power to join the intervenor as a party to the proceeding against his wishes.

But it is within the sound discretion of the body before which a controversy is pending to permit intervention where the intervenor

has an interest in the controversy which is contrary to that of either of the parties and which otherwise might not be protected in such proceeding or where such intervention appears necessary to simplify and completely administer justice under the facts of the particular case. *Williams* v. *Morgan*, 111 U. S. 684; *Minot* v. *Masten*, 95 Fed. 737; *Farmers Loan & Trust Co.* v. *Toledo Ry. Co.*, 67 Fed. 49. Such appears to be the case here.

It may be said that there is no provision in the statute creating this Board which provides for intervention. It seems a sufficient answer to point out that the Board was created for the purpose of providing a forum in which controversies between taxpayers and the Commissioner might be heard and decided to the end that the correct tax liability should be determined and that presumably the Board may take such reasonable steps not in conflict with the statute as may be designed to accomplish the purpose of its creation. That the intervening petitioner has an interest in showing that the Commissioner committed error is beyond question. His petition offers no new issue and it would seem that the situation existing in the present case is such that a more complete presentation of the issue is to be expected and a correct determination of the tax liability is more likely to be reached if the motion for intervention is granted.

We do not consider it necessary in the present opinion to attempt to determine the extent to which an intervenor will be bound by the decision of the Board. That question may be answered when it is raised. It would seem, however, that in many instances multiplicity of proceedings might be avoided by intervention, with all the benefits which follow.

An order will be entered permitting Emlen P. Frame to intervene as a petitioner and file the petition tendered on his behalf.

Reviewed by the Board.

VAN FOSSAN dissents.