FOREST GLEN CREAMERY COMPANY, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 51833, 64637–64639, 64653–64655. Promulgated November 26, 1935.

*George J. Dreiske, Esq.*, for the petitioner.
*Harold D. Thomas, Esq.*, for the respondent.

OPINION.

TRAMMELL: These are consolidated proceedings for the redetermination of a deficiency in income tax, in the case of the petitioner, Forest Glen Creamery Co., in the amount of $22,312.40, stated in the re-

---

[1] Proceedings of the following petitioners are consolidated herewith: Claus Junge; Thomas J. Riley; I. T. Czajke; E. W. Iwicki; George L. Meyer; and Peter J. Wilson.

spondent's deficiency notice to be "for the taxable year 1926 and the period ended June 30, 1927", and for the redetermination of the liability of the other petitioners as transferees of the corporation's assets, under the provisions of section 280 of the Revenue Act of 1926. The issues presented are (1) whether the notice of deficiency in the case of the petitioner corporation was a proper notice of deficiency for the calendar year 1927, and whether the notices in the cases of the individual petitioners were proper notices of transferee liability; (2) whether the corporation sold its assets and business in 1927 and realized a taxable profit therefrom, or whether the transaction constituted a sale by the stockholders of their stock; (3) whether the individual petitioners are liable as transferees of the corporation for a deficiency in tax for the calendar year 1927, under the provisions of section 280 of the Revenue Act of 1926; and (4) whether the taxes in controversy are barred by limitations.

In the view we take of this case, it is necessary to discuss only issue (1) above stated. The facts as stipulated by the parties, show that on March 10, 1928, the corporation filed its income tax return "for the calendar year 1927." Under date of November 10, 1930, the respondent sent a letter to the corporation reading in part as follows:

In accordance with the provisions of section 279 (a) of the Revenue Act of 1926, there has been assessed against you an income tax amounting to $22,312.40, for the taxable year 1926 and the period ended June 30, 1927, the details of which are set forth in the statement attached.

Schedule 4 on page 2 of the statement referred to shows "net income as disclosed by return", and sets forth six adjustments thereto made by respondent in computing the asserted deficiency.

On January 8, 1931, the corporation filed its petition with the Board "for redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his Notice of Deficiency dated November 10, 1930."

On February 17, 1932, respondent sent a notice to each of the individual petitioners herein in which it was stated that the determination of the tax liability of the corporation "for the taxable period ended June 30, 1927, disclosed a deficiency of $22,312.40", which deficiency it was proposed to assess against each of the individual petitioners under the provisions of section 280 of the Revenue Act of 1926.

In the original petition filed by the corporation it was alleged that "the taxes in controversy are income taxes for the year 1927 and are in the following amount, $22,312.40", which averments were specifically admitted in respondent's original answer. By an amendment to his answer filed on February 23, 1935, respondent admitted that the

taxes in controversy are income taxes for the year 1927 and alleged "that said year is the calendar year 1927." The petitioner thereupon filed a reply to respondent's amendment asserting that the taxes in controversy are those specified in the notice of deficiency, viz., "for the taxable year 1926 and the period ended June 30, 1927", and denied that the taxes in controversy are "for the calendar year 1927." It was further pleaded in the reply "that any claim by Respondent for any alleged deficiency for any other part or period of the year 1927 than that specified in the said notice of deficiency aforesaid is wholly barred by the Statute of Limitations."

The question presented here under issue (1) is essentially jurisdictional. The petitioner contends that the Board is without jurisdiction to redetermine the tax liability of the corporation other than "for the taxable year 1926 and the period ended June 30, 1927", in accordance with the notice of deficiency.

Respondent says that he was without authority to determine a deficiency for the period ended June 30, 1927, since the corporation was in existence throughout the year 1927 and reported its income on the basis of the calendar year; that he did in fact determine a deficiency for the calendar year 1927, because the statement showing his computation starts with the "net income as disclosed by return", which was a return of income for the calendar year; hence that the notice of deficiency to which the computation was attached and made a part by reference was a notice of deficiency for the calendar year, and that therefore the erroneous statement in the deficiency letter that it was for the period ended June 30, 1927, is immaterial and does not restrict the Board's jurisdiction to that period only.

The Revenue Act of 1926, section 274 (a), authorizes the Commissioner to send a notice of deficiency to the taxpayer by registered mail in any case in which he determines a deficiency in income tax, and authorizes the taxpayer to file a petition with the Board within 60 days thereafter for a redetermination of the deficiency. The same section also provides that no assessment, distraint or proceeding in court for the collection of such tax shall be made, begun or prosecuted until such notice has been mailed to the taxpayer. These provisions, however, are limited by subdivision (g) of section 274, which reads as follows:

The Board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other taxable year has been overpaid or underpaid.

It is well settled that we have no jurisdiction to redetermine the tax liability of a petitioner in respect to any year for which the Commissioner has not determined a deficiency. See, among others, *Cor-*

*nelius Cotton Mills,* 4 B. T. A. 255; *Morrison Woolen Co.,* 10 B. T. A. 8, 9; *Columbia State Savings Bank,* 15 B. T. A. 219; aff'd., 41 Fed. (2d) 923; *Oscar Daniels Co.,* 23 B. T. A. 260, 274; *Teck Hobbs,* 26 B. T. A. 241, 250. In *Hans Pederson,* 14 B. T. A. 1089, 1119, we said:

The jurisdiction conferred upon the Board by section 274 of the Revenue Act of 1926 to redetermine a deficiency is limited by subdivision (g) of the same section. * * *

It is clear that under the above provision the Board is without jurisdiction to redetermine petitioner's tax liability for the year 1918 for the reason that no deficiency has been determined by respondent for that year. Such is not only the clear meaning of the subdivision, but has been the constant holding of the Board since its decisions in *R. P. Hazard Co.,* 4 B. T. A. 150, and *Cornelius Cotton Mills,* 4 B. T. A. 255.

But respondent argues in the instant case that he in fact determined a deficiency for the *calendar year 1927* and sent a notice thereof by registered mail to the petitioner, and that hence the Board has jurisdiction to redetermine the tax liability for that year. We are unable to agree with this conclusion. The record, we think, fails to show that the deficiency determined by the respondent was for the calendar year. The deficiency notice plainly states that the tax assessed, which constitutes the deficiency asserted, was " for the taxable year 1926 and the period ended June 30, 1927." Also the statement showing the details of the computation attached to the deficiency letter is headed " period ended June 30, 1927." In any event, if it be true that the deficiency determined by respondent was for the *calendar year 1927,* that fact not appearing on the face of nor being indicated by either the deficiency letter or the attached statement, the notice sent to the taxpayer does not, in our opinion, comply with the statute to give us jurisdiction in respect to the calendar year. See *Mrs. Grant Smith,* 26 B. T. A. 1178; *Elgin Compress Co.,* 31 B. T. A. 273; *Pittsburgh & West Virginia Railway Co.,* 32 B. T. A. 66, issue 3.

Two things are necessary to be done by the Commissioner to give us jurisdiction to review his actions. First, he must determine a deficiency for a particular taxable year or period, and, second, he must send a notice of such determination to the taxpayer. Obviously, for example, if the Commissioner determined a deficiency for each of the years 1926 and 1927 but sent the taxpayer a notice of the deficiency for 1926 only, we would have no jurisdiction on appeal to redetermine the tax liability for 1927, notwithstanding respondent had determined a deficiency for that year. Here, respondent has determined only one deficiency, which he stated in his notice was for the " period ended June 30, 1927 ". He now claims that the deficiency is really for the calendar year 1927. That fact, however, is not established by proof; but if the proof were sufficient

568

on that point, the notice sent to the taxpayer certainly would not constitute a notice of deficiency *for the calendar year 1927.*

In these circumstances, it is our opinion that we have jurisdiction to redetermine the petitioner corporation's tax liability only for the period ended June 30, 1927. Aside from the admitted fact that respondent was without authority to determine a deficiency for that period, the record shows that there is no deficiency for such period. The principal item in the adjustments to income of the corporation made by respondent in computing the alleged deficiency is "profit on sale of capital assets on liquidation, $162,650.49." It is clearly shown that if any profit was derived by the corporation from the sale of its assets in 1927, it was received subsequent to June 30, 1927. Cf. *Elgin Compress Co., supra.*

There being no deficiency in tax due from the corporation for the period ended June 30, 1927, it follows that there is no liability on the part of the individual petitioners for the period ended June 30, 1927, as transferees of the corporation's assets. Having reached the conclusion stated, and being without jurisdiction to determine the tax liability of the corporation for the calendar year 1927, it becomes unnecessary to consider the other issues raised by the pleadings.

*Judgment limited to the period ended June 30, 1927, will be entered for the petitioners.*