FRED SHINGLE, MANAGER OF A JOINT VENTURE DESIGNATED AS "ITALO PETROLEUM SYNDICATE", PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83159.   Promulgated August 4, 1936.

*A. E. James, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

LEECH: This proceeding came on to be heard May 20, 1936, upon motion of respondent to dismiss for lack of jurisdiction upon the ground that the petitioner therein was a different party from that against whom the contested deficiency was determined.

It appears that the deficiency notice, dated December 23, 1935, was addressed to the Italo Petroleum Syndicate, % Mr. Fred Shingle, Shingle, Brown and Co., San Francisco, California. The deficiency was determined against the Italo Petroleum Syndicate, as an entity taxable as an association. Premised upon this notice of deficiency, a petition was filed March 6, 1936, captioned "FRED SHINGLE, Manager of a Joint Venture designated as 'Italo Petroleum Syndicate'."

The introductory paragraph of the petition refers to the caption as designating "the above named petitioner." Paragraph 1 of the petition identifies the petitioner as an individual. Paragraph 2 denies that "The Italo Petroleum Syndicate" was at any time a corporation or association, and denies the existence of such an entity. Paragraph 3 denies the jurisdiction of this Board to hear and determine the income tax liability of Italo Petroleum Syndicate at any time.

Paragraph 4 of the petition avers that "petitioner" files the petition because he was the actual recipient of the deficiency notice "and because he is and was the manager of a joint venture organized in 1928 by seventy-nine persons, partnerships and corporations, more or less, for the purpose of financing the purchase by Italo Petroleum Corporation of America, a Delaware corporation, of certain oil properties. Said joint venture was and is erroneously designated Italo Petroleum Syndicate. The reason for the variance between the name of Italo Petroleum Syndicate, against whom the respondent determined the deficiency, and your petitioner, is that all of the transactions had and taken by and on behalf of said joint venture or the members thereof were had and taken by your petitioner, Fred Shingle, as manager thereof."

The allegations of fact in the petition constitute a somewhat detailed averment of the transactions by the said Fred Shingle, resulting in the alleged gain upon which the contested deficiency was determined, and that they were conducted by the said Fred Shingle as "Syndicate Manager."

The petition is signed and verified by Fred Shingle as an individual.

The petitioner has the burden of establishing the jurisdiction of the Board. *Herbert Brush Mfg. Co.*, 22 B. T. A. 646; *Consolidated Co.'s*, 15 B. T. A. 645. This Board has frequently dismissed for want of jurisdiction, proceedings in which it appeared from the pleadings or the record that the petitioner therein was not the taxpayer against whom the deficiency had been asserted. *J. F. McKean*, 15 B. T. A. 795. The assumption from these pleadings, most favorable to petitioner, is that the petitioner is "Fred Shingle, Manager of a Joint Venture designated as 'Italo Petroleum Syndicate.'" Not only is the petitioner here not the taxpayer against whom the controverted deficiency was determined (cf. *J. F. McKean, supra*), but there is no allegation by the petitioner of his authority to represent the taxpayer against whom that deficiency was determined. If the Italo Petroleum Syndicate was taxable as an association during the tax year, the petition contains no allegation of his relationship thereto, properly premising the petition. And, more than that, this same Fred Shingle, in his petition, denies that such a taxable entity existed, which, in itself, conclusively contradicts the possibility of his having authority to represent it here. If the Italo Petroleum Syndicate constituted a joint venture, as petitioner avers, then the tax liabilities arising upon the transactions carried out in its name, were, in fact, the individual tax liabilities of the several joint adventurers. True, a petition might have been filed by them, as such syndicate, through a properly constituted agent, but the petition is filed here, not by them, through an agent, but by the agent for

himself, as agent. The present petition obviously does not bring before the Board and make subject to its jurisdiction the seventy-odd individuals and corporations which the petitioner alleges were joint adventurers in the transactions giving rise to the income upon which the present deficiency is premised. There is no affirmative allegation in the petition supporting or indicating an intention to support the authority of Fred Shingle to represent the members of the alleged joint venture in filing this petition. In fact, it does not purport to be filed in their behalf, or for the purpose of bringing them before this Board. There is no averment that Fred Shingle had any direct or indirect interest in such venture, upon which liability for the contested deficiency could rest. His managership, obviously, did not constitute such interest. The petitioner, "Fred Shingle, Manager of a Joint Venture designated as 'Italo Petroleum Syndicate'" is not the taxpayer against whom the pending deficiency was determined. The present petition does not even attempt to bring before the Board the taxpayer or taxpayers against whom that deficiency is proposed. It does not purport to be more than an attempt by an agent of the taxpayer or taxpayers, acting for himself, to raise the question of the taxpayer's existence and liability for the deficiency. The Board has no jurisdiction. *Mary M. Shea*, 31 B. T. A. 513; *E. N. and O. M. Ennis*, 21 B. T. A. 406; *J. F. McKean, supra; Sanborn Brothers, Successors*, 14 B. T. A. 1059. Cf. *DeForest Hulburd* v. *Commissioner*, 296 U. S. 300.

Reviewed by the Board.

> *Decision will be entered dismissing the above entitled proceeding for want of jurisdiction.*