CINCINNATI TRANSIT, INC., SUCCESSOR-IN-INTEREST TO THE CINCINNATI TRANSIT COMPANY (NOW KNOWN AS AMERICAN CONTROLLED INDUSTRIES, INC.) AND THE CINCINNATI TRANSIT COMPANY (NOW KNOWN AS AMERICAN CONTROLLED INDUSTRIES, INC.), PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 904–70. Filed February 25, 1971.

*Robert S. Brown,* for the petitioner.
*Aleksandrs V. Laurins,* for the respondent.

OPINION

DRENNEN, *Judge:* Respondent issued a notice of deficiency dated November 17, 1969, to petitioner The Cincinnati Transit Company (hereinafter Transit Co.), determining deficiencies in income tax of Transit Co. for the years 1956 through 1964 as follows:

| Year | Deficiency | Year | Deficiency |
|---|---|---|---|
| 1956 | $123,648.83 | 1961 | $57,658.92 |
| 1957 | 107,068.46 | 1962 | 78,231.25 |
| 1958 | 85,225.33 | 1963 | 442,416.86 |
| 1959 | 72,483.33 | 1964 | 170,508.54 |
| 1960 | 120,603.12 | | |

The principal adjustments made by respondent which gave rise to the deficiencies were adjustments in depreciation allowable on Transit Co.'s transportation properties.

A petition seeking redetermination of the above deficiencies was filed in this Court on February 16, 1970, captioned, and naming as petitioners, "Cincinnati Transit, Inc., successor-in-interest to the Cin-

cinnati Transit Company (now known as American Controlled Industries, Inc.)," and "The Cincinnati Transit Company, (now known as American Controlled Industries, Inc.) v. Commissioner of Internal Revenue."

On April 20, 1970, respondent filed a motion with this Court to dismiss for lack of jurisdiction as to Cincinnati Transit, Inc. (hereinafter Transit, Inc.), to change caption, and to strike on the ground that Transit, Inc., was not a proper party petitioner in this proceeding. Petitioners objected, oral argument was heard on the motion, after which the Court took the motion under advisement and the parties were given time to file written briefs in support of their respective positions, which they have done.

On December 9, 1970, petitioners filed a motion to amend petition, attached to which was an amended petition, which was lodged with the Court. The caption of the amended petition substituted as a petitioner "Cincinnati Transit, Inc., real party-in-interest" for "Cincinnati Transit, Inc., successor-in-interest to The Cincinnati Transit Company (now known as American Controlled Industries, Inc.)."

The issue for consideration is whether Transit, Inc., is a proper party petitioner in this proceeding.

The parties stipulated as follows for purposes of the hearing on respondent's motion to dismiss:

1. Petitioner, Cincinnati Transit Company, now known as American Controlled Industries, Inc., hereafter referred to as Cincinnati Transit Company, is a corporation organized and existing under the laws of the State of Ohio. It has assets and is currently doing business in the State of Ohio.

2. Cincinnati Transit Company's change of name to American Controlled Industries, Inc. occurred on November 12, 1968. The said change in name was unknown to respondent at the time the statutory notice of deficiency was issued to Cincinnati Transit Company on November 17, 1969.

3. During the taxable years here involved, 1956 through 1964, and until July 1, 1968, Cincinnati Transit Company furnished streetcar and bus transportation service for the people of the City of Cincinnati and the County of Hamilton, Ohio, pursuant to a franchise with the City of Cincinnati.

4. Cincinnati Transit, Inc., a wholly-owned subsidiary of Cincinnati Transit Company, was incorporated on June 5, 1968, under the laws of the State of Ohio.

5. Pursuant to an agreement dated June 30, 1968, between Cincinnati Transit Company and Cincinnati Transit, Inc., * * * effective midnight June 30, 1968, certain assets and liabilities of Cincinnati Transit Company. * * * relating to the operation of a transportation system were transferred to and assumed by Cincinnati Transit, Inc. The said transportation system is described in City of Cincinnati Ordinance No. 252–1968, * * *. Likewise, * * * certain other assets, rights, and liabilities were retained by Cincinnati Transit Company.

6. As a result of the transfer of assets and liabilities from Cincinnati Transit Company to Cincinnati Transit, Inc., effective midnight June 30, 1968, which related to the operation of the transportation system, most of the books, records,

and other documentation pertaining to the issues in this case, are presently maintained by Cincinnati Transit, Inc.

7. Prior to July 1, 1968, Cincinnati Transit Company employed approximately 849 persons, including, among others, officers and administrators. Of this number, all but some seventeen custodial employees are presently employed by Cincinnati Transit, Inc.

8. In essence, most of the property which is the subject of the issues involved in this case is now the property of Cincinnati Transit, Inc. The ultimate decision by this Court as to the issues involved in respect to the years in issue, 1956 through 1964, will substantially affect the resolution of any similar issue regarding the same property in future years.

Transit, Inc., is the wholly owned subsidiary of Transit Co., which has assets and is still doing business in Ohio. Petitioners allege on brief that pursuant to the city ordinance mentioned in the stipulated facts and the agreement dated June 30, 1968, between Transit Co. and Transit, Inc., the latter assumed all liability arising from Transit Co.'s prior operation of a bus system, including the deficiency, if any, found by the Court in this case. Without passing on the accuracy of this allegation, we accept it as a statement of fact for purposes of ruling on this motion.

Respondent has not issued to Transit, Inc., either a notice of deficiency or a notice of transferee liability with respect to the deficiencies in income tax of Transit Co. for the years here involved, 1956–64.

Petitioner Transit, Inc., contends that it is the real party-in-interest by virtue of its potential liability for any deficiencies against Transit Co. either as transferee of Transit Co. or under the agreement and ordinance mentioned above, and because it will be bound by the decision of this Court under the doctrines of collateral estoppel or res judicata, and that it may therefore join in the petition filed by Transit Co. as a matter of right. Otherwise, it claims its constitutional guarantee against deprivation of property without due process of law would be violated.

Respondent contends that inasmuch as no deficiency has been determined against Transit, Inc., and no statutory notice of deficiency or notice of transferee liability has been issued to Transit, Inc., this Court has no jurisdiction over Transit, Inc., and it cannot be a proper party petitioner before the Court.

The only issue before this Court in this proceeding is the determination of the correct amount of Transit Co.'s income tax liability for the years 1956–64. Transit Co. is still in existence, has filed a petition in this Court, and is the proper party to invoke the jurisdiction of this Court. We find no authority, and none has been cited to us, which would permit Transit, Inc., to either individually invoke the jurisdiction of the Court for the above purpose, or to join as a party petitioner in this proceeding. Sec. 6213(a), I.R.C. 1954.

In a case involving circumstances almost identical to those here involved, where the petition was filed in the names of both the taxpayer and its successor-in-interest, the Board of Tax Appeals dismissed the petition as to the successor-in-interest. See *Oklahoma Contracting Corporation*, 35 B.T.A. 232, wherein the Board said, at page 236:

The income tax deficiency predicating this proceeding was determined against Oklahoma Contracting Corporation, alone. Therefore, that corporation, and no other, can be the petitioner here. Accordingly, the petition is dismissed as to T. R. Jones, Inc. Revenue Act of 1928, sec. 272(a) ; Rule 6 of the Rules of Practice of the Board of Tax Appeals; *Fred Shingle*, 34 B.T.A. 875. See *Helvering* v. *Morgan's, Inc.*, 293 U.S. 121; *Forest Glen Creamery Co.*, 33 B.T.A. 564. * * *

See also *Bond, Incorporated*, 12 B.T.A. 339.

The jurisdiction of the U.S. Tax Court is limited to that granted by Congress. That jurisdiction is contained in section 7442, I.R.C. 1954, which provides that the Tax Court "shall have such jurisdiction as is conferred on them by this title, by chapters 1, 2, 3 and 4 of the Internal Revenue Code of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat. 10–87), or by laws enacted subsequent to February 26, 1926." To invoke that jurisdiction a taxpayer must file a timely petition in the Tax Court. Sec. 6213(a), I.R.C. 1954. That section provides only that *a taxpayer to whom a notice of deficiency is addressed* may file a petition in the Tax Court for a redetermination of the deficiency. A perusal of the various sections of the Internal Revenue Code dealing with appeals to the Tax Court and procedures in the Tax Court make it very clear that the provisions of the Code contemplate that redetermination of deficiencies in a particular case are to be made only upon a petition filed by the taxpayer whose taxes are involved or his duly authorized representative, except in cases of transferee liability.

In all cases a notice of deficiency (or of transferee liability) is a prerequisite to the jurisdiction of the Tax Court. "It is elemental that the Tax Court does not have jurisdiction where the Commissioner has not determined a deficiency and a statutory notice of deficiency has not been sent to the taxpayer-petitioner." *Charles F. Johnston, Jr.*, 52 T.C. 792, affd. 429 F. 2d 804 (C.A. 6) ; and see cases cited therein. "The issuance of a statutory notice of deficiency by the Commissioner * * * is necessary before the Tax Court has jurisdiction," *DaBoul* v. *Commissioner*, 429 F. 2d 38; *Magness* v. *Commissioner*, 334 F. 2d 759; *Page* v. *Commissioner*, 297 F. 2d 733. Here, no notice of deficiency (or of a transferee liability) has been issued to Transit, Inc.

Section 7453, I.R.C. 1954, provides that the proceedings of the Tax Court shall be conducted in accordance with such rules of practice and procedure as the Tax Court may prescribe. Rule 6 of the Rules of Practice of the Tax Court deals with proper parties. It provides that a case in the Tax Court shall be brought by and in the name of the

person against whom the Commissioner determined the deficiency or by and in the name of the fiduciary legally entitled to institute a case on behalf of such person. As heretofore noted, the respondent has not determined a deficiency against Transit, Inc., and we have no evidence or claim that Transit, Inc., is a fiduciary legally entitled to institute a case on behalf of Transit Co.

There being no authority in either the law or the rules of practice of this Court for Transit, Inc., to join as a party petitioner in this case, we conclude that Transit, Inc., is not entitled to join in this proceeding as a party petitioner as a matter of right. Additionally, even if the Tax Court could acquire personal jurisdiction over Transit, Inc., by permitting it to join as a party petitioner, which we seriously doubt, see *Oklahoma Contracting Corporation, supra,* we would not be inclined to grant such permission because of the numerous problems it might raise, see *Bond, Incorporated, supra* at 342, and because we see no need to do so to protect the interests of Transit, Inc., in this case. Transit Co., the proper petitioner in this case, is the parent of Transit, Inc., and it is specious to argue that Transit Co. will not protect the interests of its wholly owned subsidiary in this case.

Petitioner argues that the issuance of the notice of deficiency to Transit Co. and the filing of a petition by Transit Co. gave this Court jurisdiction to redetermine the deficiencies in tax for the years involved and that thereafter Transit, Inc., by joining in the petition, may submit itself to the personal jurisdiction of the Court. Petitioner cites no direct authority for this proposition and we know of none. Although the Tax Court in appropriate situations has accepted amicus briefs, and has permitted "intervention" to "participate" or to consider who was the authorized and qualified liquidator, *Central Union Trust Co., et al., Executors,* 18 B.T.A. 300; see also *Louisiana Naval Stores, Inc.,* 18 B.T.A. 533, we know of no cases in which a third party to whom a notice of deficiency had not been issued was permitted to join the taxpayer to whom a notice of deficiency had been issued as party petitioner, and petitioner refers to none. Where, as here, the taxes involved are not those of Transit, Inc., Transit Co. is still in existence and has filed a petition herein, and respondent has not issued a notice of deficiency or a notice of transferee liability to Transit, Inc., this Court could not enter a binding decision against Transit, Inc., even though it has jurisdiction to redetermine the tax liability of Transit Co. for the years here involved. There is a sound distinction between permitting a third party to "intervene" or file an amicus brief to protect its interests, which we think would be discretionary at best under these circumstances, and permitting a party to join as a party petitioner in a proceeding to redetermine someone else's tax liability.

We need not decide whether any decision the Court might make in

this case would bring into play the doctrines of collateral estoppel or res judicata in any future proceedings to determine Transit, Inc.'s own tax liability for future years. Suffice it to say that the cases cited by petitioner in support of this theory do not do so. In *David Krueger*, 48 T.C. 824, we held that stipulated decisions entered by this Court determining deficiencies against two estates are res judicata as to the liabilities of the estates in a later action involving the assessment of such liabilities against the transferees of the estates. In that case an attempt was made to relitigate the same tax liabilities. That is not the situation here present. Here no transferee liability has been asserted and the taxpayer is still in existence and presumably solvent.

Petitioners' "due process" argument is equally unconvincing. This proceeding will not deprive Transit, Inc., of its own property; it will simply determine the liability of Transit Co. for taxes it may have incurred before it transferred its properties to Transit, Inc. Transit, Inc., would only be liable under the tax laws for any deficiency determined as a transferee of those assets and limited to the value thereof. We are not here concerned with any contractual obligation it may have. It may be, as argued by petitioner in its brief, citing *Auto Workers* v. *Scofield*, 382 U.S. 205, 213, that no party denied intervention can be bound by res judicata. However, that does not require this Court to permit Transit, Inc., to join as a party petitioner in this proceeding, and that is the only issue we have before us at this time.

Respondents' motion to dismiss for lack of jurisdiction as to Cincinnati Transit, Inc., to change caption, and to strike will be granted.

*An appropriate order will be entered.*