T.C. Memo. 2002-26

UNITED STATES TAX COURT

HARLEY GUNDERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16050-99L.                    Filed January 25, 2002.

Harley Gunderson, pro se.

<u>Marty J. Dama</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on respondent's motion under Rule 120,[1] which, pursuant to Rule 120(b), the Court shall treat as respondent's motion for summary judgment under Rule 121.

_____

[1]  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.

The sole issue is whether respondent's determination to proceed with collection as to petitioner's 1993 taxable year was an abuse of discretion.

Background

At the time the petition was filed, petitioner resided in Arlington, Texas.

On January 9, 1997, respondent sent petitioner a notice of deficiency in his income tax for 1993. In response to this notice, petitioner filed a timely petition with this Court. On July 7, 1997, respondent made a master file assessment for the amount of the 1993 deficiency.[2] After realizing that a Tax Court petition had been timely filed, respondent abated the master file assessment on June 22, 1998.

On March 3, 1998, the Court entered a stipulated decision that petitioner's deficiency for 1993 was $5,954. Petitioner and respondent both signed this decision document. On May 21, 1998, respondent made a nonmaster file assessment of $5,954 to reflect the stipulated decision.[3]

On February 2, 1999, respondent sent petitioner a Notice of

---

[2] Master file assessments are assessments posted to the master file computer in Martinsburg, W. Va. Assessment in Appealed Cases, Internal Revenue Manual (IRM) (RIA), sec. 35.13.10.3 (2002).

[3] Nonmaster file assessments are processed manually through the service centers. Reference Guide: Examining Process, IRM, sec. 104.3.1-1 (2002). The taxpayer's tax account record includes both master and nonmaster file assessments. Transcript of Account Defined, IRM, sec. 8.17.3.1.1 (2002).

Intent to Levy and Notice of your Right to a Hearing under sections 6331 and 6330. On March 4, 1999, petitioner filed a Request for a Collection Due Process Hearing. After respondent conducted a hearing by telephone, respondent issued a notice of determination. In the notice, respondent stated:

> Your challenge to the appropriateness of the collection action was that you felt the I.R.S. notice issued June 22, 1998, which showed the abatement for the premature master file assessment showing nothing due on that account, relieved you also of the non-master file assessment made in accordance with the Tax Court's determination reflected in the decision document signed by you and Judge Mary Ann Cohen and entered March 3, 1998. The notice reflects only internal accounting changes. I.R.S. does not have authority to change the Tax Court determination, and that was not the purpose of the notice.

On October 8, 1999, petitioner filed a petition for Lien/Levy Action under Code Section 6320(c) or 6330(d). In response to a Court order, petitioner filed an Amended Petition for Lien or Levy Action under Code Section 6320(c) or 6330(d) on November 29, 1999.[4]

Discussion

I.   Summary Judgment

Respondent moved for summary judgment on the issue of whether respondent's determination to proceed with collection as

---

[4] Petitioner filed a Motion for Leave to File an Amendment to Petition (Embodying Amendment to Petition) in order to add his wife, Mary L. Knotts, as a party-petitioner. Respondent objected to the motion arguing that we lacked jurisdiction over Ms. Knotts because a notice of determination was not issued to her. We denied petitioner's motion.

to petitioner's 1993 taxable year was an abuse of discretion. Respondent argues that petitioner disputes only the underlying liability of $5,954 and that the validity of the liability is not properly before us.

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

We conclude that there is no genuine issue as to any material facts regarding whether respondent's determination was an abuse of discretion.

II.  The Levy Action

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary can collect such tax by levy upon property belonging to such person.  Pursuant to section 6331(d), the Secretary is required to give the taxpayer notice of his intent to levy and within that notice must describe the administrative review available to the taxpayer, before proceeding with the levy.  See also sec. 6330(a).

Section 6330(b) describes the administrative review process, providing that a taxpayer can request an Appeals hearing with

regard to a levy notice.  At the Appeals hearing, the taxpayer

may raise certain matters set forth in section 6330(c)(2), which

provides, in pertinent part:

> SEC. 6330(c).  Matters Considered At Hearing.--In
> the case of any hearing conducted under this section--
>
>         *    *    *    *    *    *    *
>
> (2) Issues at hearing.--
>
>     (A)  In general.--The person may raise
>     at the hearing any relevant issue relating to
>     the unpaid tax or proposed levy, including--
>
>         (i)  appropriate spousal
>         defenses;
>
>         (ii)  challenges to the
>         appropriateness of collection
>         actions; and
>
>         (iii)  offers of collection
>         alternatives, which may include the
>         posting of a bond, the substitution
>         of other assets, an installment
>         agreement, or an offer-in-
>         compromise.
>
>     (B)  Underlying liability.--The person
>     may also raise at the hearing challenges to
>     the existence or amount of the underlying tax
>     liability for any tax period if the person
>     did not receive any statutory notice of
>     deficiency for such tax liability or did not
>     otherwise have an opportunity to dispute such
>     tax liability.

Pursuant to section 6330(d)(1), within 30 days of the issuance of

the notice of determination, the taxpayer may appeal that

determination to this Court if we have jurisdiction over the

underlying tax liability.  Van Es v. Commissioner, 115 T.C. 324,

328 (2000).

Although section 6330 does not prescribe the standard of review that the Court is to apply in reviewing the Commissioner's administrative determinations, we have stated that, where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000).

We review respondent's determination to proceed with the levy action on an abuse of discretion basis because the validity of the underlying tax liability is not properly at issue.  At the hearing and in his petition, petitioner raised several arguments regarding the conduct of his audit and the amount of the liability.  Petitioner could not dispute the existence or the amount of the underlying tax liability at the hearing because petitioner received a notice of deficiency and did have the opportunity to dispute such liability which resulted in the stipulated decision.[5]  See sec. 6330(c)(2)(B).

In addition, petitioner did not assert in the petition any

---

[5]  The doctrine of res judicata, which applies to a stipulated decision, precludes relitigation of the issues involved in that tax litigation.  Cincinnati Transit Inc. v. Commissioner, 55 T.C. 879, 883 (1971), affd. 455 F.2d 220 (6th Cir. 1972); Krueger v. Commissioner, 48 T.C. 824, 829 (1967); Hamdan v. Commissioner, T.C. Memo. 2000-19.

spousal defenses, any challenges to the appropriateness of the collection actions, or any offers of collection alternatives. See sec. 6330(c)(2)(A). There is no basis in the record for the Court to conclude that respondent abused his discretion with respect to any of these matters.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and, to the extent not herein discussed, we find them to be irrelevant or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered granting respondent's motion for summary judgment.