LOUISIANA NAVAL STORES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18449.   Promulgated December 18, 1929.

*John J. Finnorn, Esq.*, for the intervener.
*J. L. Backstrom, Esq.*, for the respondent.

OPINION.

MURDOCK: On May 14, 1926, the Commissioner of Internal Revenue mailed a notice of deficiency in income and profits taxes for the year 1920 to Louisiana Naval Stores, Inc., at Biloxi, Miss.

On July 12, 1926, a petition was filed with this Board captioned "Appeal of Louisiana Naval Stores, Inc., Biloxi, Mississippi." As

the basis of the procedure it set forth, among other things, the following under " Jurisdiction of the Board ":

1. The taxpayer is a Louisiana Corporation with principal office in Biloxi, Mississippi.

The petition was signed " Louisiana Naval Stores, Inc., By D. J. Gay, Prest." It was verified as follows by D. J. Gay:

D. J. Gay, being duly sworn, says that he is the Prest. of the Louisiana Naval Stores, Incorporated, the taxpayer named in the foregoing petition and as such is duly authorized to verify the foregoing petition, and is familiar with the statements contained therein, and that the facts therein stated are true.

An answer to the petition was filed which admitted, among other things, the allegations of fact contained in paragraph one of the petition above quoted.

On September 9, 1929, a motion of L. H. Williams, signed " John J. Finnorn, Counsel for Mover " was filed. It suggested that Louisiana Naval Stores, Inc., a corporation organized pursuant to the laws of the State of Louisiana with its principal office and place of business during its existence in Leesville, Parish of Vernon, State of Louisiana, was dissolved on the 31st day of August, 1921; D. J. Gay, who purported to act for the Louisiana Naval Stores, Inc., in filing the petition, was without authority to institute the proceeding; L. H. Williams is the duly authorized and qualified liquidator of the Louisiana Naval Stores, Inc., and is the only person authorized or empowered to appear for or on behalf of said corporation, or to act for or in its stead. This motion prayed that the proceeding be dismissed. The motion was verified by L. H. Williams, who stated that he is the only duly appointed, authorized and qualified representative of the Louisiana Naval Stores; it was organized under and pursuant to the laws of the State of Louisiana, and was dissolved according to those laws on or about the 31st day of August, 1921; and he had read the motion, and all the facts and allegations contained therein are true and correct.

On October 16, 1929, after due notice to the three parties, hearing was had on the above mentioned motion. At this hearing there appeared only counsel for the respondent and John J. Finnorn as counsel for L. H. Williams. The latter offered two documents in evidence. One was duly certified on July 26, 1929, by the Secretary of State of the State of Louisiana. The certificate was as follows:

The annexed and following page contains a true and correct copy of consent to dissolution of the LOUISIANA NAVAL STORES, INC., domiciled at Leesville, Louisiana, as is shown by comparison with the document filed and recorded in the office on the thirty-first day of August, 1921.

The consent attached to the certificate was a statement sworn to and signed by D. J. Gay, E. C. Gay, W. E. Beasley, and L. H.

Williams on August 4, 1921. The statement is to the effect that the four signers are the sole and only owners of the capital stock of the Louisiana Naval Stores, Inc., a Louisiana corporation, with its domicile at Leesville, Louisiana, D. J. Gay owning 96 shares, E. C. Gay owning 52 shares, W. E. Beasley owning 52 shares, and L. H. Williams owning 15 shares of a total of 215 shares of the issued capital stock of the corporation, and that each consents to the dissolution of the corporation, and requests the Secretary of State of the State of Louisiana to issue a certificate of dissolution in accordance with the provisions of section 28 of Act 267 of the Acts of the General Assembly of the State of Louisiana for the year 1914, and that there are neither assets nor liabilities existing in favor of or against said corporation, the assets having been liquidated and the liabilities settled.

The other document offered in evidence was duly certified by the Secretary of State of the State of Louisiana on September 27, 1929. The certificate was as follows:

The annexed and following two pages contain a true and correct copy of the Minutes of the meeting of the stockholders of the LOUISIANA NAVAL STORES, INC., a corporation organized under the laws of Louisiana, domiciled at Leesville, Louisiana, relative to the appointment of a liquidator, as is shown by comparison with the document filed and recorded in this office on the eleventh day of September, 1929.

These minutes set forth that at a special meeting of the stockholders of the Louisiana Naval Stores, Inc., held at Leesville, La., on August 6, 1929, at a meeting duly called for the purpose of electing a liquidator, at which meeting all of the stockholders were either present in person or represented by proxy, the following resolution was adopted:

That whereas no liquidators were appointed at the time of the adoption of the resolution of dissolution, which was sworn to and subscribed before W. W. Thompson, Notary Public in and for the Parish of Vernon, State of Louisiana, and in the presence of E. Word and W. S. Ferguson, on the 4th day of August, A. D. 1921, for the reason that there were no foreseen acts to be performed after the surrender of the charter; and

Whereas, since the surrender of the charter of the corporation on August 31, 1921, and pursuant to the resolution aforesaid, it has become necessary to have a liquidator appointed to represent the corporation in certain litigation; and

Whereas, L. H. Williams has been requested the appointment as liquidator and has accepted the same;

BE IT RESOLVED, that L. H. Williams be and he is hereby elected, appointed and qualified as liquidator to serve as such until his successor has been appointed and to do all things and acts necessary and proper to preserve and protect the interests of the corporation, and to prosecute and wind up its affairs, without the supervision of the Court.

Counsel for Williams stipulated with counsel for the respondent that D. J. Gay, the person who signed the petition, was president of the Louisiana Naval Stores, Inc., during its corporate existence.

At the hearing counsel for the respondent objected to the admission of these two documents in evidence, and as one of the reasons for his objection he argued that L. H. Williams was not a party to the proceeding. We have permitted L. H. Williams to intervene, cf. *Central Union Trust Co. of New York et al.*, 18 B. T. A. 300, and have admitted the documents in evidence.

The laws of Louisiana, Act 267 of 1914, sections 28 and 30, pertain to the dissolution of corporations. Section 28 provides that whenever all the stockholders shall consent in writing to a dissolution, on filing such consent in the office of the Secretary of State, he shall forthwith issue a certificate and the corporation shall then stand dissolved; the board of directors shall publish a notice of said dissolution not less than three times in a paper published in the parish of the corporation's domicile, and the corporation shall proceed to settle up its business and affairs.

The Act further provides in section 30:

That a corporation dissolved under this Act shall be extinct in all respects as if its corporate existence had expired by limitation of its charter.

All corporations, whether they expire by limitation or are otherwise dissolved, shall be continued as bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to liquidate their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established.

(a) Upon the dissolution in any manner of any corporation the stockholders shall elect from among their number one or more liquidators * * * with full power to settle its affairs, collect the outstanding debts, sell and convey the property, pay its debts and divide the remaining money and property among the stockholders, * * * provided, however, that the rights here conferred upon the liquidators may be modified, changed or denied by a majority of the shares of the capital stock of the corporation.

(b) The liquidators shall have authority to sue for and recover the debts and property in the name of the corporation, and may be sued by the same name, and citation may be served upon any one of them, and they shall be liable in solido to any creditor or stockholder for the moneys and property of the corporation which shall come to their hands or possessions as such liquidators, and for the proper application and distribution thereof.

*     *     *     *     *     *     *

It is incumbent upon a petitioner to allege and prove sufficient facts to show that this Board has jurisdiction of the proceeding. Our jurisdiction has been challenged, and the petitioner has failed to appear at the hearing set for the purpose of considering whether or not we have jurisdiction. The intervener has proved facts which are consistent only with a lack of jurisdiction in this Board. In the

present state of the record it appears that D. J. Gay, at the time he filed the petition in this case, was without authority to act for the Louisiana Naval Stores, Inc. *Jeanerette Rice & Milling Co.* v. *Durocher*, 123 La. 160; 48 Sou. 780. Furthermore, if it was to the interest of D. J. Gay or to the corporation for which he purported to act, or if it was to the interest of the respondent to prove additional facts which would show clearly that we have jurisdiction in this case, opportunity for the introduction of such evidence has been granted and no such evidence has been offered. Therefore, since the facts before us do not indicate that we have jurisdiction in this case, the proceeding must be dismissed for lack of jurisdiction. *Bamberg Cotton Mills Co.*, 8 B. T. A. 1236; *S. Hirsch Distilling Co.*, 14 B. T. A. 1073; *Bond, Inc.*, 12 B. T. A. 339; *Weis & Lesh Manufacturing Co.*, 13 B. T. A. 144; *Sanborn Brothers*, 14 B. T. A. 1059; *Union Plate & Wire Co.*, 17 B. T. A. 1229.