Peter and Grace **LICAVOLI**, Petitioners,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE**, Respondent.

**No. 15073.**

United States Court of Appeals
Sixth Circuit.

June 6, 1963.

John F. Noonan, Detroit, Mich. (Stanley M. Rosenblum, St. Louis, Mo., of counsel), for petitioners.

Thomas A. Skornia, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before MILLER and O'SULLIVAN, Circuit Judges, and TAYLOR, District Judge.

**PER CURIAM.**

The taxpayers, Peter and Grace Licavoli, sought redetermination in the Tax Court of deficiency income tax assessments for the years 1947 through 1951. Action No. 58055 involved income taxes of Grace Licavoli for 1947. Action No. 58056 involved income taxes of Peter Licavoli for the same year. Action No. 58057 involved the joint income tax liability of both taxpayers for the years 1948 through 1951. The Commissioner in his answers relied upon the net worth method of showing income and alleged fraud on the part of the taxpayers, which, if established by the proof, would have avoided the three year statute of limitations.

The Tax Court sustained taxpayers' motions to make the answers more definite and certain and, upon failure of the Commissioner to satisfactorily comply with this ruling, entered orders striking from the amended answers the allegations of fraud. In order to obtain appellate review of such order, the Commissioner moved for a decision in action No. 58056 *only*, in which, with the fraud issue stricken, the statute of limitations operated as a bar. The Tax Court entered its Decision of no deficiency in that action. The Decision of the Tax Court was affirmed by this Court in Commissioner v. Licavoli, 6 Cir., 252 F.2d 268, to which reference is made for a more detailed statement of the facts. See also: Licavoli v. Nixon, 312 F.2d 200, C.A.6th, for another chapter in this litigation, although not material to the issue herein involved.

Following the affirmance of the Decision of the Tax Court in action No. 58056, the Commissioner, proceeding ex parte, moved for and was granted leave to file second amended answers in the other two actions, namely, Nos. 58055 and 58057. These pleadings complied with the Court's previous orders to make the amended answers more definite and certain, which had been entered in all three actions but not complied with in action No. 58056, wherein the judgment of no deficiency resulting thereby had

been affirmed by this Court as hereinabove referred to.

After motions to strike these amended answers were overruled, the taxpayers filed in each of the two cases a "Reply and affirmative Defenses," later followed by an unverified "Amended Reply and Affirmative Defense."

The Commissioner thereupon filed motions to require verification of the taxpayers' amended replies and for an order foreclosing the introduction of certain evidence. The Court granted the motion for verification and upon the taxpayers' refusal to do so entered its order that "the Amended Reply and Affirmative Defense in each case is stricken, and the allegations of facts alleged in respondent's second amended answer in each case are deemed admitted." The taxpayers thereupon filed their Petition for Review of said order in each case, which is now before us for consideration.

The petitioners on this review contend that the action of the Tax Court in case No. 58056, which was affirmed by this Court, operated as res judicata with respect to all proposed deficiencies and penalties for the taxable years 1947 through 1950; that the Tax Court erred in granting the Commissioner ex parte leave to file Second Amended Answers in these cases after the termination of the litigation in case No. 58056; and that petitioners should not have been required to verify their amended replies over their claim of immunity under the Fifth Amendment of the Constitution of the United States. Under the view which we take in the matter, it is unnecessary to consider these contentions at the present time.

▆▆▆ Under Sections 7482(a) and 7483, Internal Revenue Code of 1954, the United States Courts of Appeals have exclusive jurisdiction, with an exception not applicable here, to review the decisions of the Tax Court. Section 7459(c) of the Code provides that a "decision" of the Tax Court, except a decision dismissing a proceeding for lack of jurisdiction, shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered in the records of the Tax Court. Interlocutory orders of the Tax Court are not immediately reviewable, although they are reviewable later when a review is taken of the final "decision" of the Tax Court as above provided. The orders which the petitioners seek to review at this time are not orders specifying the amount of the deficiency or final orders disposing of the litigation. Nor are they orders dismissing the proceedings for lack of jurisdiction. Accordingly, they are not "decisions" of the Tax Court which are reviewable at the present time. Commissioner v. Smith Paper, 222 F.2d 126, C.A. 1st; Kiker v. Commissioner, 218 F.2d 389, 392, C.A.4th; Michael v. Commissioner, 56 F.2d 825, C.A.2nd. Ceco Steel Products Corp. v. Commissioner, 150 F.2d 698, 700, C.A.8th; Oviatt's v. Commissioner, 128 F.2d 352, 353, C.A.9th.

Petitioners rely heavily upon Louisville Builders Supply Co. v. Commissioner, 294 F.2d 333, C.A.6th, wherein this Court recently held reviewable an order of the Tax Court which did not fall within the provisions of Section 7459(c) of the Code. We there expressed the opinion that some orders of the Tax Court, made under certain unusual circumstances, are reviewable by the Court of Appeals, even though they do not fall within the provisions of Section 7459(c). But, as pointed out in that opinion, in order to be reviewable the order must not be an interlocutory one. That case involved a special proceeding in which the decision of the Tax Court granted all the relief sought and disposed of the entire proceeding pending before it. If not reviewable when made, it could never be reviewed. Accordingly, it had the finality that is required in order to be reviewable. See: Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545-547, 69 S.Ct. 1221, 93 L.Ed. 1528; Cobbledick v. United States, 309 U.S. 323, 328, 60 S.Ct. 540, 84 L.Ed. 783. The orders in the present case are not of that type, but are interlocutory in character made in the course of a plenary consideration of the

assessment of a tax deficiency. They come within the general rule that such interlocutory orders are not immediately reviewable.

The petition for review is dismissed for lack of jurisdiction.