Sadie V. LEVY TRUST, Lawrence H. Levy, Carl J. Austrian and Morgan Guaranty Trust Company of New York, Trustees, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 21092.

United States Court of Appeals Fifth Circuit.

Jan. 27, 1965.

Rehearing Denied March 15, 1965.

Irving B. Stewart, George B. Levy, New York City, for petitioners.

Benjamin M. Parker, Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., R. P. Hertzog, Act. Chief Counsel, IRS, Charles S. Casazza, IRS, Lee A. Jackson, Dept. of Justice, Washington, D. C., for respondent.

Before JONES and BELL, Circuit Judges, and HUNTER, District Judge.

HUNTER, District Judge.

Petitioners, trustees of an inter vivos trust created by Sadie V. Levy, seek to review a decision of the Tax Court entered March 28, 1963 and of three orders of the Tax Court which denied motions made by the petitioners for:

A. Leave to intervene;

B. Revision of the decision of March 28th; and

C. Review by the full Court of the foregoing denials.

The decision which petitioners seek to revise was pegged on a compromise and settlement of estate taxes, which was incorporated into a stipulation decision document dated March 21, 1963. The stipulation, as executed by the parties, was sent to the Tax Court and that Court entered its decision pursuant thereto.[1]

---

1. The stipulation decision document was signed by the parties (the Estate and the

Commissioner). It was negotiated with the approval of the trustees, who were

On June 18, 1963 petitioners filed a motion to intervene. This motion was fully argued and briefed. It was denied on July 15th. On June 26th petitioners filed a motion for revision of the decision of March 28, 1963 with a prayer that there be returned to the Estate of Sadie V. Levy the sum of $64,436.95 as an overpayment of federal estate taxes. On July 18th this motion was denied (without opinion). On August 12, 1963, petitioners filed a motion for reconsideration by the full court of the denial of the two previous motions. On August 20, 1963 this motion was denied by the Chief Judge (without opinion). The estate did not join in any of these three motions or otherwise appear in support thereof.

When the Tax Court denied the Trustee's motion to intervene, there remained no justiciable issue because of the lack of a party plaintiff with capacity to maintain the action.[2] The question quickly narrows: Did the Court's refusal to permit the intervention constitute an abuse of its discretion?

Petitioners peg their case on the proposition that the executors of the Estate and the Commissioner improperly interpreted the law. The alleged mistaken interpretation was that where an inter vivos Trust is includible in the gross taxable estate for estate tax purposes, the expenses of that Trust attributable to that decedent's death are not eligible as deductions both for income tax and estate tax purposes. Petitioners concede that their awareness of such alleged mistaken interpretation of the law results solely from a Tax Court decision (Burrow v. Commissioner, 39 T.C. 1080 (1963)) which was decided subsequent to the execution of the stipulation decision document. Burrow was affirmed by the Court of Appeals for the Tenth Circuit on June 16, 1964 (333 F.2d 66).

The Tax Court in the case before us entered its decision adjudicating the estate taxes, pursuant to a stipulation decision document freely executed by the parties. The document was free from any taint of fraud or misrepresentation and from any mistake of fact. The stipulation was a compromise of numerous alleged errors committed by the Commissioner. Surely, such a decision could not be repudiated by the parties on the basis of a subsequent judicial decision in another case, holding the law to be different from what it was thought to be at the time.[3] If the parties to the stipulation decision document would have no grounds to repudiate the decision, then it necessarily follows that the proposed intervenors would have no such right, more particularly since the settlement was negotiated with their approval.

The taxpayer had three months from March 28, 1963 to petition for review. The taxpayer did not petition for review. When, on July 15, 1963, the Tax Court denied the motion for leave to intervene, there was nothing to intervene in. The intervention was ancillary

---

not parties to the case. Under the provisions of the trust, Sadie V. Levy retained a life interest and the right to revoke. Consequently the corpus remaining at her death was includible in her gross estate for federal estate tax purposes. The Trust required the trustees to pay for the executors the federal estate tax upon the corpus of the Trust. As a result, the trustees paid to the executors about 94.5 percent of the total estate tax.

2. The Tax Court has a discretionary power to permit intervention when in its discretion such intervention is necessary to completely administer justice under the facts of a particular case. (Central Un-

ion Trust Co. of New York v. Commissioner, 18 B.T.A. 300 (1929); Louisiana Naval Stores v. Commissioner, 18 B.T.A. 533 (1929); Commissioner of Internal Revenue v. Revere Land Co., 169 F.2d 469, 3rd Cir., 1948, cert. denied 335 U.S. 853, 69 S.Ct. 82, 93 L.Ed. 401 (1948); and Pitts v. Commissioner, 26 B.T.A. 312 (1932).

3. Hennessy v. Bacon, 137 U.S. 78, 11 S. Ct. 17, 34 L.Ed. 605 (1890); Moses-Ecco Company v. Roscoe-Ajax Corp., 115 U.S.App.D.C. 366, 320 F.2d 685 (1963); Hoyt v. Wickham, 25 F.2d 777 (8th Cir., 1928); Trumbull Steel Co. v. United States, 1 F.Supp. 762, 76 Ct.Cl. 391 (1932).

and subordinate to the main cause, and when that suit ceased to exist by virtue of a final and non-appealable judgment, there remained no case in which there could be an intervention. If this Court were to reverse and allow the intervention at this time, we would be breathing new life into an action no longer justiciable.

A careful consideration of the record in the light of the arguments and briefs convinces us that the Tax Court did not abuse its discretion in denying the leave to intervene. Accordingly, the decision is affirmed.