Jean L. MAY, Petitioner-Appellee,

Clifford Magee May, Intervenor-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 75-2727.

United States Court of Appeals, Ninth Circuit.

May 12, 1977.

John J. Molloy, III, Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., argued, for intervenor-appellant May.

Asst. Atty. Gen. Gilbert E. Andrews, Jr., Chief App. Section, F. Arnold Heller, Atty., Tax Court Div., U. S. Dept. of Justice, Washington, D. C., argued, for respondent.

Walter H. Young, Willis, Butler, Scheifly, Leydorf & Grant, Los Angeles, Cal., argued, for petitioner-appellee May.

Before CHOY and GOODWIN, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

Clifford Magee May appeals from the denial by the Tax Court of his motion to intervene in a proceeding initiated by Jean L. May, his former wife, for redetermina-tion of a tax deficiency determined against her.

Intervention in a proceeding be-fore it has been held to be within the sound discretion of the Tax Court. *See Levy Trust v. Commissioner,* 341 F.2d 93, 94 (5th Cir. 1965); *Cincinnati Transit, Inc. v. Com-missioner,* 55 T.C. 879, 883 (1971), *aff'd,* 455 F.2d 220, 221 (6th Cir. 1972); *Central Union Trust Co. v. Commissioner,* 18 B.T.A. 300, 303 (1929). Under Federal Rule of Civil Procedure 24(b), where intervention is a matter of discretion and not of right, the denial of a motion to intervene is appeala-ble only where there is a clear abuse of discretion, *Allen Calculators, Inc. v. Nation-al Cash Register Co.,* 322 U.S. 137, 142, 64 S.Ct. 905, 88 L.Ed. 1188 (1944); *Brennan v. Silvergate Dist. Lodge No. 50,* 503 F.2d 800, 803 (9th Cir. 1974); *Van Hoomissen v. Xe-rox Corp.,* 497 F.2d 180, 181 (9th Cir. 1974), and we have been directed to no authority holding that a different principle should apply upon review of a denial by the Tax Court of leave to intervene.

After a careful review of the record, we conclude that the Tax Court did not abuse its discretion in denying said motion, and that, therefore, the denial of the mo-tion to intervene is not appealable. *See Hodgson v. United Mine Workers,* 153 U.S. App.D.C. 407, 473 F.2d 118, 126–27 & n. 40 (1972) (under Rule 24(b), whether discretion was abused is treated as a *jurisdictional* question; upon concluding that the district court's denial was proper, the appellate court will dismiss the appeal rather than affirm); *cf. O'Donnell v. Wien Air Alaska, Inc.,* 551 F.2d 1141, 1148 (9th Cir. 1977) (federal appellate jurisdiction depends upon determination whether a dispute under the Railway Labor Act is "major" or "minor").

APPEAL DISMISSED.

---

* Honorable Bruce R. Thompson, United States District Judge, for the District of Nevada, sitting by designation.