**William C. SAMPSON and Lucille A. Sampson, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 82–1373.

United States Court of Appeals, Sixth Circuit.

Argued May 17, 1983.

Decided June 23, 1983.

Michael G. Parham (argued), Talking Rock, Ga., for petitioners-appellants.

Kenneth W. Gideon, Chief Counsel, I.R.S., John H. Menzel, Glenn L. Archer, Jr., Michael L. Paup, Ann Belanger Durney, David I. Pincus (argued), Dept. of Justice, Tax Div., Washington, D.C., for respondent-appellee.

Before CONTIE and KRUPANSKY, Circuit Judges, and GUY, District Judge.*

PER CURIAM.

The Lucille A. Sampson Pure Equity Trust (Trust) appeals the Tax Court's denial of a petition to intervene in tax deficiency litigation between the Commissioner of Internal Revenue and William and Lucille Sampson. For the reasons stated below, we vacate the Tax Court's decision and remand for further proceedings.

The Commissioner sent a notice of deficiency to William and Lucille Sampson in their individual capacities. The Sampsons, who also are trustees of the Trust, allegedly had attempted to avoid paying income tax by attributing portions of their income to the Trust. Two other trustees, Bruce and Dianne Sampson, induced the Trust to attempt to intervene on grounds that the Trust's validity was threatened and that their personal interests were adverse to those of the original parties in the case. Since the Tax Court denied the petition to intervene in a margin entry, we are unable to determine the grounds upon which it acted.

The first issue requiring discussion is whether the Tax Court's ruling is immediately appealable. 26 U.S.C. § 7482(a) gives this court jurisdiction to review "decisions" of that court. The Commissioner contends that the term "decision" extends only to dismissals by the Tax Court and to findings of the presence or absence of deficiencies. *Cf.* 26 U.S.C. § 7459(c). Although some courts have accepted the Commissioner's argument, *see, e.g., Commissioner of Internal Revenue v. Smith Paper, Inc.,* 222 F.2d 126 (1st Cir.1955); *Michael v. Commissioner of Internal Revenue,* 56 F.2d 825 (2d Cir.1932), this court rejected it in *Louisville Builders Supply Co. v. Commissioner of Internal Revenue,* 294 F.2d 333 (6th Cir.1961).

In *Louisville Builders,* the Tax Court ordered that a witness be deposed. This ruling was neither a dismissal nor a determination of the presence or absence of a deficiency. The court nevertheless held the order to be a "decision" both because the effect of the order would have been unreviewable had an appeal not then been permitted and because the order disposed of the entire case. *Id.* at 338–39. In the present litigation, the Trust will be unable to protect its right, if any, to intervene in the deficiency proceedings unless it is allowed to appeal now. Moreover, the Tax Court's ruling disposed of the Trust's entire petition. *Estate of Smith v. Commissioner of Internal Revenue,* 638 F.2d 665, 668 (3d Cir.1981). Accordingly, we join the third and ninth circuits in holding that the Tax Court's denial of a petition to intervene is an appealable "decision" within the meaning of 26 U.S.C. § 7482(a). *Estate of Dixon v. Commissioner of Internal Revenue,* 666

---

* The Honorable Ralph B. Guy, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation.

F.2d 386 (9th Cir.1982); *Estate of Smith, supra.*

*Licavoli v. Commissioner of Internal Revenue,* 318 F.2d 281 (6th Cir.1963), cited by the Commissioner, is not to the contrary. The court held in *Licavoli* that interlocutory orders of the Tax Court, such as striking replies or affirmative defenses, are not appealable "decisions" under § 7482(a). The court noted that since such rulings may be appealed along with the final decision in a tax case, the concern expressed in *Louisville Builders* about unreviewable orders was not present. In the matter at bar, the Tax Court's ruling was not interlocutory because the Trust's entire petition was rejected and because the Trust will not be able to protect any right it may have to intervene in the proceedings below if an appeal must await the outcome of those proceedings. Our holding in this case is therefore consistent with *Licavoli.*

On the merits, the Commissioner contends that the Tax Court properly denied the Trust's petition because that court has no power to permit intervention by persons or entities who have not been served with notices of deficiency. *Cf.* 26 U.S.C. § 6213(a) (only persons receiving notice may petition for redetermination of a deficiency). It is undisputed that the Trust has never received such a notice.

■ The rule in this circuit is that persons or entities to whom deficiency notices have not been addressed may not petition for redetermination of a deficiency. *Cincinnati Transit, Inc. v. Commissioner of Internal Revenue,* 455 F.2d 220 (6th Cir.1972). The court distinguished, however, between a petition for redetermination of a deficiency and a petition to intervene in a redetermination action filed by another person. The court also implied in *dictum* that the Tax Court has discretion to allow intervention under appropriate circumstances. We now adopt the *dictum* in *Cincinnati Transit* and hold that the Tax Court has power to permit intervention by persons or entities who have not been served with notices of deficiency. The Tax Court's decisions on intervention questions shall be reviewable under an abuse of discretion standard. *See also Estate of Dixon,* 666 F.2d at 388; *Levy Trust v. Commissioner of Internal Revenue,* 341 F.2d 93, 94 & n. 2 (5th Cir.1965). We emphasize that intervention is not a matter of right but rather is within the Tax Court's discretion.

As has been indicated, the margin entry which denied the Trust's petition to intervene does not reflect whether the Tax Court exercised its discretion or whether the court believed that it lacked the power to permit intervention. Consequently, the case must be remanded to the Tax Court with instructions to exercise its discretion and determine whether there are sufficient grounds for intervention.

The judgment of the Tax Court is VACATED and the case is REMANDED for further proceedings consistent with this opinion.