WILLIAM C. SAMPSON AND LUCILLE A. SAMPSON,
PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 3394–81.    Filed September 22, 1983.

*Michael G. Parham,* for Lucille A. Sampson Pure Equity
Trust, applicant for intervention.

OPINION

KÖRNER, *Judge*: This case is before the Court on remand
from the United States Court of Appeals for the Sixth Circuit.
The circumstances are as follows.

Respondent issued his statutory notice of deficiency to
petitioners for their calendar years 1975 through 1979. His
principal determination for each year, and the only one which
concerns us here, was that certain income, reported in the
years in question by the Lucille A. Sampson Pure Equity Trust
(hereinafter the trust), should properly have been reported by
petitioners in each year, and was accordingly to be added back
to their taxable income. Respondent's said determination was
stated to be based upon any one or more of the following
theories:

a. That said income was taxable to petitioners under the
authority of section 671[1] of the Internal Revenue Code;

---

[1]Unless otherwise noted, all statutory references herein are to the Internal Revenue Code
of 1954 as in effect in the years in issue; and all references to Rules are to the Rules of
Practice and Procedure of this Court.

b. That the creation of the trust, and the assignment of certain income and deduction items to it, constituted a sham transaction which was not recognizable for Federal income tax purposes; and

c. That the income in question was attributable to petitioners under section 61.

Petitioners timely filed a petition with this Court, putting the above adjustments in issue, as well as all other adjustments made by respondent's statutory notice. Petitioners also affirmatively raised the issue of the statute of limitations with respect to the years 1975 through 1977.

After the pleadings were closed and the parties were at issue, the trust, by its separate counsel, filed a petition to intervene as a party petitioner in this case.[2] In support of the proposed intervention, the trust alleged:

5. That the Notice of Deficiency herein raises issues of law and questions of fact which are material to the rights and interests of the Trust, particularily, [sic] questions which address the very existence and propriety of the Trust.

6. That The Commissioner has failed and neglected to mail a Notice of Deficiency to the Trust, or any officer or employee thereof, which would make the Trust a party to the action according to law, thereby depriving the Trust of standing to protect the interests of the beneficiaries.

7. That the refusal of the Commissioner to notify the Trust, or any officer or employee thereof, of a tax deficiency according to law, operates to deny the Trust equal access to the Courts for the purpose of protecting its justiciable interests, as well as the individual interests of the adverse trustees and beneficiaries, in violation of the Fifth Amendment protection of Due Process of Law.

None of the alleged adverse trustees or adverse beneficiaries sought leave to intervene individually.

The Court denied the petition to intervene, without explanation.

The trust then took a timely appeal to the Court of Appeals for the Sixth Circuit. In its opinion, filed June 23, 1983,[3] the

---

[2]Both petitioners, as well as separate counsel for the applicant, consistently refer to the applicant as a trust, and we will so refer to it here for convenience. Our use of the term, however, is not to be construed as a finding or holding that the applicant is a trust which is valid either for Federal tax or State law purposes. These are questions on which we presently express no opinion.

[3]710 F.2d 262 (6th Cir. 1983).

Court of Appeals held that this Court has the authority, under appropriate circumstances, to allow intervention in an existing case by those who have not been served with a notice of deficiency. It was emphasized that the intervention by such third parties is not a matter of right, but is in the sound discretion of the Tax Court, and would be reviewable by appellate courts under an abuse of discretion standard. However, since this Court's denial of the petition to intervene was not explained in the record, and since the Court of Appeals apprehended that we may have denied the petition under the mistaken belief that we lacked power to permit intervention, our order denying the motion to intervene was vacated, and the case was remanded to us, so that we could exercise our discretion herein and determine whether there exist sufficient grounds for intervention by the trust.

It is clear that the case is not being remanded to us for the purpose of determining whether the trust should be admitted as a party petitioner. We have specifically held that no one who has not been served with a statutory notice of deficiency may become a party petitioner in this Court (*Cincinnati Transit, Inc. v. Commissioner*, 55 T.C. 879 (1971)), and that holding was specifically approved by the Court of Appeals for the Sixth Circuit on appeal, 455 F.2d 220 (1972). See also *Guarino v. Commissioner*, 67 T.C. 329, 331 (1976); *Estate of Smith v. Commissioner*, 77 T.C. 326, 329 (1981). Such a holding is clearly in accordance with our practice, and with the statute defining and limiting our jurisdiction. Sec. 6213(a); Rule 60(a). It is therefore clear that in no event can the Trust be allowed to intervene herein *as a party petitioner*. However, in *Cincinnati Transit, Inc. v. Commissioner, supra,* we recognized that "There is a sound distinction between permitting a third party to 'intervene' or file an amicus brief to protect its interests, which we think would be discretionary at best under these circumstances, and permitting a party to join as a party petitioner in a proceeding to redetermine someone else's tax liability." 55 T.C. at 883. In affirming our decision in *Cincinnati Transit, Inc. v. Commissioner, supra,* the Court of Appeals noted this distinction, and in its opinion in the instant case has specifically approved it. We are thus called upon to determine here only whether the trust should be allowed the status of intervenor, rather than that of a party petitioner.

Our right to allow third-party intervention on this limited basis is recognized by this and other courts. See *Estate of Dixon v. Commissioner*, 666 F.2d 386 (9th Cir. 1982); *May v. Commissioner*, 553 F.2d 1207 (9th Cir. 1977); *Levy Trust v. Commissioner*, 341 F.2d 93 (5th Cir. 1965); *Estate of Smith v. Commissioner*, 77 T.C. at 329; *Louisiana Naval Stores, Inc. v. Commissioner*, 18 B.T.A. 533 (1929). Where a person has an interest in the controversy which is contrary to that of the parties and which might not be protected in the proceeding, or where intervention is necessary to administer justice, this Court can allow such intervention as a matter of discretion. *Estate of Smith v. Commissioner, supra* at 329; *Cincinnati Transit, Inc. v. Commissioner, supra*; *Central Union Trust Co. v. Commissioner*, 18 B.T.A. 300 (1929).

Many years ago, we had occasion to consider the proper standard to be applied in exercising our discretion whether or not to permit a third party to intervene in a case before us. In *Pitts v. Commissioner*, 26 B.T.A. 312 (1932), we applied the standard enunciated in *Smith v. Gale*, 144 U.S. 509 (1892), in which the Supreme Court said:

In *Horn v. Volcano Water Company*, 13 California, 62, 69, the Supreme Court of California had occasion to construe a similar provision of the Code of that State, and held, speaking through Mr. Justice Field, now a member of this court, that "the interest mentioned in the statute which entitles a person to intervene in a suit between other parties must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment * * * . To authorize an intervention, therefore, the interest must be that created by a claim to the demand or some part thereof in suit, or lien upon the property, or some part thereof, in suit, or a claim to or lien upon the property, or some part thereof, which is the subject of litigation." [144 U.S. at 518.]

Application of the above principles to the instant question provides a clear answer.

In seeking to intervene herein, the trust is seeking to inject into the present case issues relating "to the rights and interests of the Trust, particularly, questions which address the very existence and propriety of the Trust." The trust also seeks to raise issues herein concerning the individual property

rights and interests of trustees and beneficiaries, presumably including the present petitioners, in and to trust property.[4] None of these matters, however, are properly before this Court as issues, nor do they form a necessary part of any of the issues which we must decide in rendering a decision in this case.

This Court is a court of limited jurisdiction, created to resolve controversies between taxpayers and the Commissioner with respect to liability for certain specific types of Federal taxes. Sec. 7442; *Estate of Smith v. Commissioner*, 638 F.2d 665, 669 (3d Cir. 1981); *Burns, Stix Friedman & Co. v. Commissioner*, 57 T.C. 392, 396 (1971). It is doubtful that we have jurisdiction to decide controversies between private parties with respect to rights to property. See *Northern Pipe Line Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982).

In the present case, the controversy involves petitioners' liability for Federal income tax, based upon respondent's determination that certain specified income was properly taxable to them rather than to the trust.[5] In making this determination, Federal law controls. State law may determine the rights to property (see *Poe v. Seaborn*, 282 U.S. 101 (1930)), but Federal law determines how and to whom such rights are to be taxed (*Tower v. Commissioner*, 327 U.S. 280 (1946); *Lucas v. Earl*, 281 U.S. 111 (1930)), and in making the determination of Federal tax liability, State law controls only when it is made applicable by specific act or necessary implication. *Burnet v. Harmel*, 287 U.S. 103 (1932).

In the instant case, the validity of the trust, and the rights of the various trustees and beneficiaries thereof under State law, are not determinative of the Federal income tax results with respect to the alleged trust income. The trust here may or may not be valid and enforceable under State law, and the income allegedly reported by it may be distributable as a State court may determine in a proper proceeding, but State property law is not controlling as to who should pay the Federal tax on the income derived from such property. *Schulz*

---

[4]See the relevant portion of the trust's petition to intervene, quoted *supra*.

[5]The trust does not contend, indeed denies, that respondent is asserting any liability against it for taxes with respect to the income in question.

*v. Commissioner*, 686 F.2d 490 (7th Cir. 1982); *Horvat v. Commissioner*, T.C. Memo. 1977-104, affd. 671 F.2d 990 (7th Cir. 1978), cert. denied 440 U.S. 959; *Vercio v. Commissioner*, 73 T.C. 1246 (1980); *Markosian v. Commissioner*, 73 T.C. 1235 (1980).

It is clear, therefore, that a determination of the property rights of the trust and its various trustees and beneficiaries in and to trust property under State law is not necessary to our decision of the issues which are presented to us, and there is no decision or judgment which this Court could render with respect to such matters which would be binding on such other parties. See *Cincinnati Transit, Inc. v. Commissioner, supra* at 883. The trust, accordingly, has no justiciable interests which this Court needs or has power to adjudicate in the present proceeding, and the trust's petition to intervene is accordingly denied. See *Levy Trust v. Commissioner, supra; Estate of Dixon v. Commissioner, supra; Pitts v. Commissioner, supra; Estate of Smith v. Commissioner, supra* at 331–333.

*An appropriate order will be entered.*