923 F.2d 854
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re COMMISSIONER OF INTERNAL REVENUE SERVICE, Petitioner.
WESTRECO, INC., Petitioner-Appellee,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.
 Nos. 90-2383, 91-1024.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1991.
 
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 The Commissioner of Internal Revenue (Commissioner), seeks a writ of mandamus directing a judge of the U.S. Tax Court to vacate certain pretrial protective orders entered in a pending proceeding to review a determination of deficiency. (90-2383). The Commissioner has also filed a notice of appeal from the orders. (91-1024). The Tax Court judge has filed a response to the petition. The plaintiff-taxpayer, Westreco, Inc., has also filed a response and has further moved to dismiss the appeal for lack of jurisdiction. The Commissioner has replied. A previous motion to stay the trial was denied, as was a motion to reconsider denial of the stay.
 
 
 2
 The Tax Court entered several orders, the effect of which is to preclude the Commissioner's counsel in the underlying case from participating in an audit of the taxpayer for subsequent tax years. Counsel in the instant case is also prohibited from obtaining information from the subsequent year tax audit or using such information in the underlying proceeding. These orders were entered on the taxpayer's motion for a protective order and subsequent motions for reconsideration.
 
 
 3
 The Tax Court's orders are not immediately appealable. This Court has concluded that rulings which completely end the litigation before the Tax Court are reviewable under 26 U.S.C. Sec. 7482(a)(1). Sampson v. Commissioner, 710 F.2d 262, 264 (6th Cir.1983); Louisville Builders Supply Co. v. C.I.R., 294 F.2d 333 (6th Cir.1961). Purely interlocutory matters, such as the orders in the instant case, are not immediately reviewable. Licavoli v. C.I.R., 318 F.2d 281 (6th Cir.1983). Accordingly, this Court lacks jurisdiction in the appeal in Case No. 91-1024.
 
 
 4
 The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. Will v. Calvert Fire Insurance Co., 437 U.S. 655, 661-62 (1978); Kerr v. United States District Court, 426 U.S. 394, 402-03 (1976). Traditionally, mandamus is not used to control a lower court's exercise of discretionary powers. See In re: Post-Newsweek Stations, 722 F.2d 325, 329 (6th Cir.1983).
 
 
 5
 In two analogous areas, this Court has held mandamus is not a method of review. Disqualification of counsel in civil cases pending in district courts may not be the subject of a petition for a writ of mandamus because the order remains reviewable on appeal from final judgment. In re: Mechem, 880 F.2d 872 (6th Cir.1989). Similarly pretrial discovery orders are reviewable in mandamus only if "questions of unusual importance necessary to the economical and efficient administration of justice" are raised. FDIC v. Ernst & Whinney, --- F.2d ----, Nos. 89-5073/6364, 6th Cir., Dec. 17, 1990, citing, EEOC v. K-Mart Corp., 694 F.2d 1055 (6th Cir.1982). In the instant case, the Tax Court's order remains reviewable on appeal from final judgment.
 
 
 6
 It is therefore ORDERED that the petition for a writ of mandamus is denied. Fed.R.App.P. 21. It is further ORDERED that the Commissioner's appeal, Case No. 91-1024, is dismissed for lack of a final, appealable order.