LAWRENCE H. HELLER, ET AL., Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Heller v. Commissioner
Docket Nos. 14952-92, 15081-92
United States Tax Court
1994 U.S. Tax Ct. LEXIS 85; 1994 WL 728021; December 30, 1994, Decided *85 Gerber
GERBER
ORDER
A Memorandum Findings of Fact and Opinion (T.C. Memo. 1994-463) concerning these cases was filed on September 19, 1994. Petitioner Lawrence H. Heller filed a Motion for Reconsideration on October 19, 1994, wherein he sought reconsideration of the following three findings made in our opinion: (1) Mr. Heller is entitled to an $ 18,100 deduction for alimony paid during 1986, and Ms. Heller must report a like amount as income; (2) petitioners should have reported $ 23,500 received by Mr. Heller during 1984 as gross income rather than as nontaxable loan proceeds; and (3) Mr. Heller's separate deductions for the period June 23 to December 31, 1985, were $ 2,700. Petitioner Madeline D. Heller and respondent filed separate objections to Mr. Heller's motion for reconsideration on December 19, 1994, and December 20, 1994, respectively. Ms. Heller objects to any change in the Court's determination of alimony and respondent objects to a recharacterization of the $ 23,500 received by Mr. Heller during 1984. Respondent also disagrees with Mr. Heller's proposed changes in his separate deductions for 1985 and points to the parties' stipulations for the correct determination *86 of Mr. Heller's deductions. Regarding our determination of alimony for 1986, we looked to the four criteria established in I.R.C. section 71(b)(1) (effective for divorce or separation instruments executed after 1984). Mr. Heller disagrees with our application of the final criterion, which mandates that the payor spouse must not be liable for any payments under the divorce or separation instrument after the death of the payee spouse. Sec. 71(b)(1)(D). In our opinion we applied this criterion to payments made to Ms. Heller during 1986 pursuant to a temporary court order dated February 19, 1986. In the absence of any indication in the temporary order as to whether the payments were to cease upon the death of Ms. Heller, we looked to State law for that determination. Sampson v. Commissioner, 81 T.C. 614, 618 (1983), affd. without published opinion 829 F.2d 39 (6th Cir. 1987); Notice 87-9, 1987-1 C.B. 421, 422. We noted that, under California law, spousal support payments are deemed not to continue beyond the death of either spouse, unless otherwise agreed by the parties. No such rule applies, *87 however, for child support payments. We also note that we are not prohibited, under California statutory law or any case law interpreting payments to which section 71(b)(1) applies (i.e., relating to divorce or separation instruments executed after 1984), from determining that a portion ($ 5,000) of Mr. Heller's payment obligations under the temporary order represents child support. As noted above and in our opinion, pursuant to California law, such child support payments do not meet the final criterion for alimony under section 71(b)(1)(D). We therefore decline to alter our determination regarding alimony paid by Mr. Heller during 1986. Regarding our determination that Mr. Heller received $ 23,500 in bonus income during 1984, we agree with respondent that while initially characterized as a loan (as evidenced in the parties' stipulations), Mr. Heller retains the burden of proving that the payment was in substance a loan. Since Mr. Heller failed to present any evidence supporting his theory, we decline to alter our determination that the $ 23,500 received by Mr. Heller during 1984 should have been reported by petitioners as gross income rather than nontaxable loan proceeds. Finally, *88 upon review of the parties' Stipulation of Facts and Supplemental Stipulation of Facts, we find that Mr. Heller's separate deductions for 1985 were $ 11,968.38. Premises considered, we find it unnecessary to alter our opinion, except with regard to Mr. Heller's separate deductions for 1985, which we have determined herein in accordance with the parties' stipulations. Wherefore, it is ORDERED that petitioner Lawrence H. Heller's Motion for Reconsideration, filed October 19, 1994, is granted to the extent that the Court's Memorandum Findings of Fact and Opinion (T.C. Memo. 1994-463) is amended as follows: On page 4, line 6, delete "$ 2,700" and substitute in lieu thereof "$ 11,968.38", so that the sentence reads "Mr. Heller's separate income for 1985, earned after June 22, 1985, was $ 57,000, and his separate deductions were $ 11,968.38."
In all other respects petitioner Lawrence H. Heller's Motion for Reconsideration is denied, and it is further ORDERED that the opinion of this Court in all other respects remains unchanged. Joel Gerber, Judge