T.C. Summary Opinion 2007-34

UNITED STATES TAX COURT

MARTHA JANE McNEELY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5195-05S.                Filed March 6, 2007.

Martha Jane McNeely, pro se.

Huong T. Duong, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency in petitioner's Federal income tax for 2002 in the amount of $615. At trial, respondent conceded the deficiency. The sole issue for decision is whether petitioner is entitled to credit for an overpayment of tax for 2002 and is, therefore, entitled to a refund for that overpayment.

Some of the facts were stipulated and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Gilroy, California.

For the year at issue, 2002, petitioner filed a Federal income tax return, Form 1040A, U.S. Individual Income Tax Return. Petitioner filed that return as a single individual and claimed no dependency exemption deduction other than for herself. The reported income consisted of:

| | |
|---|---|
| Salary and wages | $21,388.00 |
| Taxable interest | 2.23 |
| Taxable portion of an $8,361.36 pension paid by CalPERS (California Public Employees Pension System) | 4,338.52 |
| Gross Social Security benefits[1] | 9,506.00 |

[1]The taxable amount of the Social Security benefits is not shown on the return; however, respondent agrees that petitioner correctly computed the tax on the taxable portion of the Social Security benefits, and the tax shown as due and owing on the return correctly included the amount of tax for the Social Security benefits.

With respondent conceding the deficiency, the trial dealt with petitioner's contention that she is not liable for tax on

the $4,338.52 in income reported on the return representing the taxable portion of the $8,361.36 pension paid by CalPERS. During the year at issue, petitioner was divorced from her spouse, and she contends that, in the property settlement, her spouse agreed that he would pay the Federal income tax on the $4,338.52 in CalPERS pension income. Petitioner contends that, because she included the $4,338.52 as income on her return, she is entitled to a credit or refund as an overpayment for the tax attributable to the $4,338.52 in CalPERS income.

At trial, petitioner did not offer evidence to establish that her former spouse had in fact agreed to liability for payment of Federal income taxes on the CalPERS pension income.[2] Even if petitioner had introduced such evidence, she would not be entitled to exclude the pension payments from her income or be entitled to a refund for the tax she paid on those amounts. The law is well settled that, although under State law one spouse may contract or obligate himself or herself for the tax liability of the other spouse, such an obligation is not given credence in determining the Federal income tax liability of the spouse for whom the guaranty is given. The law is well settled that State

---

[2]CalPERS issued to petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., in the amount of $4,338.52. The Form 1099-R states that the income was a service retirement benefit. The Court assumes, therefore, that petitioner and not her former spouse had once been employed by the State of California.

courts may not determine issues of Federal tax law. Commissioner
v. Tower, 327 U.S. 280, 288 (1946); Lucas v. Earl, 281 U.S. 111
(1930); Sampson v. Commissioner, 81 T.C. 614, 618 (1983), affd.
without published opinion 829 F.2d 39 (6th Cir. 1987).
Petitioner is free, however, to pursue her remedy, if any, in
State court against her former spouse for enforcement of any
agreement by her former spouse to pay the tax on the income at
issue in this case or recover the amount she is required to pay
by this Court. The Court, accordingly, sustains respondent on
this issue.[3]

Reviewed and adopted as the report of the Small Tax Case
Division.

> Decision will be entered for
> petitioner as to the deficiency, and
> petitioner is not entitled to any
> refund for an overpayment of tax.

---

[3]One of the exhibits stipulated into evidence is a letter
dated Nov. 1, 2005, from the IRS addressed to petitioner with
respect to the CalPERS income in which it is pointed out to
petitioner that respondent's actions are based on the Form 1099
issued by CalPERS. It is suggested to petitioner that, if her
former spouse is liable for the income tax on the payments to her
by CalPERS by virtue of the community property settlement between
petitioner and her former spouse, petitioner should contact
CalPERS to have that matter resolved so that CalPERS would
thereafter issue the Form 1099 to petitioner's former spouse. At
trial, petitioner did not address whether she followed that
advice.