ANTHONY GUARINO AND NELLIE GUARINO, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3536–76.   Filed November 29, 1976.

*Thomas E. Russell,* for the petitioners.
*David W. Johnson,* for the respondent.

OPINION

SCOTT, *Judge:* On June 21, 1976, petitioners filed a Motion for Joinder of Parties in which they sought to have American Offset Printing Co., Inc., joined as a party in this case. Oral argument on this motion was held at Bridgeport, Conn., on October 18, 1976.

The petition filed in this case assigned error to respondent's determination of deficiencies and additions to tax under section 6653(b), I.R.C. 1954,[1] for the calendar years 1968, 1969, 1970, and 1971. Most of the adjustments to petitioners' income set forth in the notice of deficiency resulted from dividend income and long-term capital gains determined by respondent to have been received by petitioner, Anthony Guarino, from a corporation, American Offset Printing Co., Inc., during the years 1968 through 1971.

Petitioners, in their Motion for Joinder of Parties, state that Anthony Guarino (petitioner) was president and majority stockholder of American Offset Printing Co., Inc., prior to the sale of his interest in that company in 1972 and that when respondent's agents commenced an audit of petitioners' personal income tax liability they also began an audit of the income tax liability of American Offset Printing Co., Inc. Petitioners further state that as a result of that audit, the purchaser of the stock of American Offset Printing Co., Inc., stopped payments on the promissory notes which had been given to petitioner in part payment for the stock he sold. Petitioners further state that all the claimed tax deficiencies involved in this case arose out of and in the course of petitioner's ownership of the corporation and the personal and corporate tax liabilities are part of the same transaction.

At the oral argument with respect to petitioners' motion, petitioners' counsel stated that the tax liabilities asserted against petitioners arose primarily from amounts which respondent determined petitioner retained for his own use from checks issued to American Offset Printing Co., Inc., for work done by that company. Counsel for petitioners stated that it was his information that it was the same alleged amounts retained by petitioner which formed the basis of the deficiencies that respondent was considering determining against American Offset Printing Co., Inc. From statements of petitioners' counsel, apparently petitioners take the position that petitioner did not, in fact, retain the moneys respondent has determined he received from American Offset Printing Co., Inc., but rather most of the amounts were received by the

---

[1] All section references herein are to the Internal Revenue Code of 1954, as amended.

person who purchased his stock in American Offset Printing Co., Inc., who petitioners' counsel states had an option to purchase that stock during the years 1968 through 1971.

Respondent's counsel agreed with petitioners that the deficiency determined in this case grew out of the relationship of petitioner to American Offset Printing Co., Inc. However, counsel for respondent stated that no notice of deficiency had been issued to American Offset Printing Co., Inc., and therefore this Court had no jurisdiction with respect to any tax liability of American Offset Printing Co., Inc.

Rule 61 of the Rules of Practice and Procedure of this Court provides for permissive joinder of parties. This Rule provides that any person, "to whom a notice of deficiency or notice of liability has been issued, may join with any other such person in filing a petition in the Court which is timely with respect to the notice issued to each joining party." This Rule further provides that joinder is permitted only where all or part of each participating party's tax liability arises out of the same transaction or occurrence and there is a common question of law or fact relating to the parties.

It is clear that joinder of parties under Rule 61 is permissive and is only permitted where each party has been issued a notice of deficiency or liability. Rule 61 of our Rules of Practice and Procedure was adapted from rule 20(a) and (b) of the Federal Rules of Civil Procedure. Clearly, unless this Court acquires jurisdiction over a person to whom a notice of deficiency or liability has been issued, this Court has no jurisdiction to join or even permit joinder of that person in a case pending before this Court. The jurisdiction of this Court is strictly limited under section 6213(a) to persons who file a petition with this Court within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 has been mailed to that person. See *Estate of Frank Everest Moffat*, 46 T.C. 499, 501 (1966).

There is nothing in Rule 61(a) which would allow a corporation to which no notice of deficiency has been issued to join as a petitioner in a case pending before this Court, and certainly nothing in this Rule which would allow this Court to join such a corporation. Rule 141 of the Rules of Practice and Procedure of this Court provides for consolidation of cases

pending before the Court which involve a common question of law or fact. If the corporation, American Offset Printing Co., Inc., had a case pending before this Court, it might be proper for the Court, under Rule 141, to require that case to be consolidated with the case of these petitioners. In fact, at the oral argument respondent's counsel stated that if a notice of deficiency is issued to American Offset Printing Co., Inc., and that corporation files a petition with this Court after receipt of such notice, respondent would not oppose a consolidation of that corporation's case with the instant case. Respondent points out, however, that no notice of deficiency has been issued to the corporation and no case involving the corporation is now pending before this Court.

Petitioners apparently recognize that there is no Rule of this Court which would permit joinder of American Offset Printing Co., Inc., in this case. However, petitioners argue that since they no longer control the corporation, the tax liability of the corporation for the years 1968 through 1971 might be settled without a deficiency notice being issued to the corporation. Petitioners contend that such a settlement could result in petitioner never receiving payment on the notes he received as part payment for his stock. Petitioners argue that for that reason their interests can only be protected by joining American Offset Printing Co., Inc., in this case so that no disposition could be made of the corporation's tax liabilities on a basis different from the disposition of petitioners' tax liabilities. Petitioners argue that under the provisions of Rule 1 of our Rules of Practice and Procedure, the American Offset Printing Co., Inc., could properly be joined as a party under rule 19 of the Federal Rules of Civil Procedure.

Rule 1 of our Rules of Practice and Procedure states that in any instance where there is no applicable rule of procedure, "the Court or the Judge before whom the matter is pending may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand." Whether rule 19 of the Federal Rules of Civil Procedure[2] would either

---

[2] Rule 19 of the Federal Rules of Civil Procedure provides in part as follows:
Rule 19. Joinder of Persons Needed for Just Adjudication

require or permit the joinder in this action of American Offset Printing Co., Inc., if we had any jurisdiction over a case of that company or would be suitable for use by this Court, we need not decide. Clearly, nothing in this Rule is suitable for application to a party with respect to whom this Court has no jurisdiction under the limited jurisdiction conferred on it by statute. Because we lack any jurisdiction over any case involving American Offset Printing Co., Inc., there is no basis in the statute or our Rules to require that corporation to be joined as a party in this case. Therefore, petitioners' Motion for Joinder of Parties will be denied.

*An appropriate order will be issued.*

(a) PERSONS TO BE JOINED IF FEASIBLE. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, * * *