T.C. Memo. 1999-298


UNITED STATES TAX COURT


MICHAEL B. AND DIANA C. WHEELER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15374-98.          Filed September 7, 1999.


Diana C. Wheeler, pro se.

<u>James Kutten</u>, for respondent.


MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  This case is before us on
respondent's motion to dismiss for lack of jurisdiction with
respect to petitioner Diana C. Wheeler (Mrs. Wheeler), to change
the caption, and to strike as to Mrs. Wheeler.  Unless otherwise
indicated, all section references are to the Internal Revenue

Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent contends that this case should be dismissed for lack of jurisdiction as it relates to Mrs. Wheeler because a notice of deficiency was not issued to her. For the same reason respondent urges that the caption of this case be changed by deleting Mrs. Wheeler's name, and that the reference to Mrs. Wheeler in paragraph 2 of the amended petition and the entire second page of the amended petition (on which is set forth petitioners' arguments in favor of retaining Mrs. Wheeler as a petitioner) be stricken. Petitioners resided in Cedar Hill, Missouri, when they filed their petition.

Respondent asserts that petitioner Michael B. Wheeler (Mr. Wheeler) failed to file Federal income tax returns for the years 1992 through 1996. Respondent further asserts that during the audit of Mr. Wheeler's 1992 through 1996 years, respondent dealt with Mrs. Wheeler since she held a power of attorney from her husband.

On June 10, 1998, respondent issued to Mr. Wheeler, by certified mail, a notice of deficiency for the years 1992 through 1996. The notice was sent to Mr. Wheeler at P.O. Box 536, Cedar Hill, MO 63016-0536. On the same day, respondent issued to Mr. Wheeler, by certified mail, a duplicate notice of deficiency. The duplicate notice was sent to Mr. Wheeler at 34 El Jer Dr.,

Cedar Hill, MO 63016 (El Jer address). Respondent contends that neither duplicate of the notice was issued to Mrs. Wheeler. Respondent asserts that copies of the statutory notice, issued to Mr. Wheeler, were sent to Mrs. Wheeler only pursuant to her power of attorney from her husband. Petitioners claim that the notice that was sent to the El Jer address was issued to both Mr. and Mrs. Wheeler.

In general, the jurisdiction of this Court is limited by section 6213(a) to proceedings commenced by taxpayers who timely file a petition in response to a notice of deficiency issued to them under the authority of section 6212. See Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Guarino v. Commissioner, 67 T.C. 329, 331 (1976); see also Rule 13. Accordingly, when a notice of deficiency is issued to only one spouse, this Court lacks jurisdiction over the spouse not named in the notice. See, e.g., Abrams v. Commissioner, 814 F.2d 1356, 1357 (9th Cir. 1987) (cited with approval in Holgate v. Commissioner, 81 AFTR2d 98-1094, 98-1 USTC par. 50,457 (9th Cir. 1998)) (per curiam); Coe v. Commissioner, a Memorandum Opinion of this Court dated May 14, 1932.

Both parties introduced into evidence copies of the notice that was sent to the El Jer address. The copy of the notice introduced by petitioners lists both Mr. and Mrs. Wheeler's

names.  The copy of the notice placed in evidence by respondent only lists Mr. Wheeler's name.  Respondent asserts that Mrs. Wheeler's name was not listed on the notice mailed to the El Jer address and that her name was added sometime after the notice was mailed.  Mrs. Wheeler's name as it appears on the copy of the notice presented by petitioners does appear to have been added after the initial text was drafted.  Mrs. Wheeler's name on petitioners' copy is typed in a different font from the rest of the text.  Petitioners do not contest respondent's assertion that Mrs. Wheeler's name apparently was added after the notice of deficiency had been prepared.  Instead, petitioners claim that Mrs. Wheeler's name was added by respondent before the notice was mailed.

Based upon this record, we find that the notice was not issued to Mrs. Wheeler.  Michael Meyering (Mr. Meyering), an agent in respondent's examination review staff, was assigned to work on a case regarding Mr. Wheeler for the years 1992 through 1996.  Mr. Meyering was not assigned to work on a case regarding Mrs. Wheeler.  Upon completion of the audit, Mr. Meyering prepared duplicate statutory notices of deficiency in the name of Mr. Wheeler.  Mr. Meyering did not prepare a joint notice for Mr. and Mrs. Wheeler.  A certified mailing list introduced by respondent verifies that duplicate originals of the notice were issued to Mr. Wheeler.  The certified mailing list does not

indicate that a notice was issued to Mrs. Wheeler. Mr. Meyering further testified that according to respondent's procedures he, rather than another agent, would have been required to make any changes to the notice. Mr. Meyering also testified that a joint notice in this case was inappropriate because joint notices are only issued when taxpayers make an election to file jointly. In this case, respondent determined that Mr. Wheeler had failed to file Federal income tax returns for the years 1992 through 1996 and that an election to file jointly was not made. Moreover, petitioners in a letter attached to their Tax Court petition state "Diana's name was somehow inadvertently omitted".

For the foregoing reasons, we find that the statutory notice of deficiency in this case was issued solely to Mr. Wheeler and was not issued to Mrs. Wheeler. Accordingly, we hold that we do not have jurisdiction over Mrs. Wheeler. Respondent's motion to dismiss for lack of jurisdiction with respect to Mrs. Wheeler, to change caption, and to strike, is granted.

<u>An appropriate order</u>

<u>will be issued</u>.