T.C. Memo. 2010-94

UNITED STATES TAX COURT

KRR CONSTRUCTION, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26634-07.                    Filed May 3, 2010.

<u>Merle R. Flagg</u>, for petitioner.

<u>Candace M. Williams</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $243,099 deficiency in petitioner's 2004 Federal income tax and a $48,620 accuracy-related penalty under section 6662(a).[1]  Petitioner filed a

---

[1] All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

timely petition. The matter is presently before the Court on a motion by petitioner's sole shareholder, Joseph Kemp (Mr. Kemp), to substitute party and change caption pursuant to Rule 63(d). The issue for decision is whether Mr. Kemp may be substituted for petitioner. We hold that he may not.

## Background

When the petition was filed, petitioner's principal place of business was in Texas.

In 1993 Mr. Kemp incorporated petitioner under Texas law. Since petitioner's incorporation, Garner & Cooper L.L.P., an accounting firm, has prepared petitioner's income tax returns. In 1999 David Molina (Mr. Molina), a business acquaintance of Mr. Kemp, advised Mr. Kemp that he could reduce his tax burden by having petitioner elect to be treated as an S corporation. Mr. Molina subsequently prepared Form 2553, Election by a Small Business Corporation, for petitioner, which Mr. Kemp signed and mailed to respondent. Petitioner's accounting firm was not involved in the preparation of the S corporation election, nor was it aware of petitioner's intention to elect S corporation status.

On April 10, 1999, respondent received petitioner's Form 2553. On May 3, 1999, respondent notified petitioner that its S corporation election was granted with an effective date of January 1, 1999. Though petitioner retained a copy of

respondent's notification, petitioner's accounting firm did not receive a copy of this document until 2005.

According to respondent's computer records, petitioner's S corporation election was reversed or terminated on June 17, 1999. Further details regarding the reversal or termination are no longer available as respondent destroys certain records after 7 years in accordance with his document retention policy.

Petitioner has never filed Form 1120S, U.S. Income Tax Return for an S Corporation, as S corporations are required to do, and Mr. Kemp has never reported any of petitioner's income or deductions on his personal Federal income tax return. Rather, since its incorporation in 1993 petitioner has consistently filed Form 1120, U.S. Corporation Income Tax Return.

On petitioner's Form 1120 for 2004, petitioner deducted 50 percent of certain amounts it contributed to various partnerships as business bad debts. Respondent maintains that petitioner failed to establish that its business bad debt deductions meet the requirements of section 166(a).[2]

---

[2] According to Mr. Kemp, the benefit of substituting himself for petitioner is that he may be entitled to certain bad debt deductions under sec. 166(d) which exceed the amount claimed as a bad debt deduction on petitioner's 2004 Federal income tax return.

## Discussion

I.  Overview

Mr. Kemp argues that because he is the sole shareholder of an S corporation, he is the proper party to this proceeding.  He claims that petitioner's status as an S corporation was never terminated and if it was, that it is was done without petitioner's consent.  Mr. Kemp further argues that even if petitioner's S corporation election was untimely for the 1999 tax year, the election would have been effective for subsequent years, including the year at issue.  In either case, Mr. Kemp asserts that petitioner should be treated as an S corporation.  Consequently, Mr. Kemp argues that he is the correct party to this proceeding.

Respondent contends that petitioner was a C corporation for the year at issue because petitioner's S corporation election was reversed or terminated in June 1999.  Respondent claims that the S corporation election was either reversed because it was untimely filed or terminated at petitioner's request.  Respondent's only support for the latter claim consists of a computer printout that indicates termination occurred "per TPS corres".  According to respondent, this designation means that the taxpayer requested termination of S corporation status.  Respondent further contends that Mr. Kemp does not meet the requirements for substitution under Rule 63(d) and that the Court

lacks jurisdiction to redetermine Mr. Kemp's individual income tax liability.

## II.   Substitution

Rule 63 provides for substitution in four instances:   (1) Upon a petitioner's death; (2) when a party becomes incompetent; (3) where the need for successor representatives or fiduciaries arises; and (4) for "other cause."   Rule 63(a), (b), (c), and (d).

Mr. Kemp's motion invokes only Rule 63(d).  Pursuant to Rule 63(d), the Court may order substitution of "proper parties" for "other cause."  Although the terms "proper parties" and "other cause" are not defined, these terms must be interpreted within the limitations placed upon the Court's jurisdiction.

Section 6213(a) limits the Court's jurisdiction to proceedings initiated by taxpayers who have filed a timely petition in response to a valid notice of deficiency.  Guarino v. Commissioner, 67 T.C. 329, 331 (1976).  This Court has repeatedly held that a notice of deficiency is a jurisdictional prerequisite to access this forum as a party-petitioner.  Sampson v. Commissioner, 81 T.C. 614, 616 (1983) ("no one who has not been served with a statutory notice of deficiency may become a party-petitioner in this Court * * * Such a holding is clearly in accordance with our practice, and with the statute defining and limiting our jurisdiction.  Sec. 6213(a); Rule 60(a)."), affd.

without published opinion 829 F.2d 39 (6th Cir. 1987); <u>Estate of Siegel v. Commissioner</u>, 67 T.C. 1033, 1041 (1977) ("we could not within our jurisdictional limits have permitted any person to whom a notice of deficiency was not sent to become a party"); <u>Guarino v. Commissioner</u>, <u>supra</u> at 331 ("The jurisdiction of this Court is strictly limited under section 6213(a) to persons who file a petition with this Court * * * after the notice of deficiency authorized in section 6212 has been mailed to that person."); <u>Wheeler v. Commissioner</u>, T.C. Memo. 1999-298 ("when a notice of deficiency is issued to only one spouse, this court lacks jurisdiction over the spouse not named in the notice"); <u>Sumerset Props. v. Commissioner</u>, T.C. Memo. 1981-707 ("there is clearly no basis for substituting as petitioners either the general partner or the limited partners who were not issued notices of deficiency").

Mr. Kemp wants to be substituted for petitioner pursuant to Rule 63(d), thereby shifting the focus of the litigation from petitioner's corporate tax liability to Mr. Kemp's individual tax liability. Mr. Kemp's motion for substitution was filed so that Mr. Kemp can deduct petitioner's bad debt losses on his personal Federal income tax return. In other words, Mr. Kemp wants to become the party-petitioner in this proceeding.

Substitution under Rule 63(d) is inappropriate in this case.[3] The proper party to this proceeding is petitioner, who was issued the notice of deficiency and filed a timely petition with this Court. See Rule 60(a); Estate of Siegel v. Commissioner, supra at 1038-1039. Moreover, Mr. Kemp was not issued a notice of deficiency, and we do not have jurisdiction to redetermine his tax liability. See Sampson v. Commissioner, supra at 616; Estate of Siegel v. Commissioner, supra at 1041; Guarino v. Commissioner, supra at 331; Wheeler v. Commissioner, supra; Sumerset Props. v. Commissioner, supra. Therefore, we could not within our jurisdictional limitations substitute Mr. Kemp for petitioner as the proper party in this proceeding. Since petitioner is the proper party, substitution is not appropriate. See Estate of Siegel v. Commissioner, supra at 1039.

III. Conclusion

Based on the foregoing, petitioner is the proper party in this matter and there is no basis for substituting Mr. Kemp. In

---

[3] Even if we were to find that petitioner was an S corporation for 2004, which we do not, substitution would not be proper. In that case Mr. Kemp, as the sole shareholder of an S corporation, would be the "taxpayer" under sec. 6212(a) to whom respondent should have issued the notice of deficiency. See Fehlhaber v. Commissioner, 94 T.C. 863 (1990) ("as a passthrough entity, an S corporation is generally a taxpayer not subject to income tax. Secs. 1363(a) and 7701(a)(14)"), affd. 954 F.2d 653 (11th Cir. 1992). However, respondent did not issue a notice of deficiency to Mr. Kemp. Rather, respondent issued the notice of deficiency to petitioner. Therefore, the Court would lack jurisdiction to redetermine Mr. Kemp's tax liability.

reaching our holding herein, we have considered all arguments made, and to the extent not mentioned above, we conclude them to be moot, irrelevant, or without merit.  Accordingly, we shall deny petitioner's motion for substitution.

To reflect the foregoing,

An appropriate order will be issued.